## MacNEIL v. BAILEN.

### No. 3973.

Circuit Court of Appeals, First Circuit.

June 15, 1944.

Robert H. Klaman, of Boston, Mass. (MacNeil & Maloney, of Boston, Mass., of counsel), for appellant.

Harold M. Linsky and Herman Snyder, both of Boston, Mass., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

Prior to the adjudication in bankruptcy of M. F. Gaddis, Inc., a corporation, the appellant had acted first as its counsel and later as its assignee for the benefit of creditors. After adjudication he petitioned for a fee of $2,000 for his services. The referee allowed him $100 for his services as attorney for the bankrupt, but nothing for his services as assignee and he seasonably petitioned for review. The gist of the referee's certificate on this petition follows:

"Immediately upon his appointment the trustee sought an accounting from MacNeil, who had been assignee for the bankrupt and in practical control of the bankrupt's business affairs in its later stages. The trustee had no success. He sum-

moned MacNeil before me on January 20, 1942. At this time MacNeil wanted to argue about everything except the subject of accounting. When he wasn't argumentative and obstructive he was vague. At that hearing I ordered him to make an accounting at once. On February 3, 1942, he filed a report which was mostly filled with an account of his work and worry. Financial details were sketchy and unbusinesslike. The gist of the report was that he had expended all the money he had received from the sale of assets and the estate still owed him $2,341. He was told that this report was unsatisfactory and he must square himself by a careful financial statement.

"After repeated jogging by the trustee and a peremptory order from the referee he finally got around to an informal accounting on June 11, 1942. At that time he admitted having received $875 and he claimed an offset of $446 for disbursements. He hadn't a scratch to show the amount or description of the property he had sold. He had no appraisal. He had no vouchers of any kind. He said he received $875 for it, and finally under some pressure stated that a man named Parsons had appraised it for him. Parsons was also the buyer. None of these transactions were conducted by check and he had no vouchers or receipts of any kind. His claim for offsetting expenses looked very large. He had nothing to support it. It was for such vague items as office supplies, stationery, telephone and postage. Finally after some discussion the trustee, with my approval, agreed to accept $504 in settlement of the controversy which MacNeil promised to pay at once. This promise was made on June 11, 1942, and he paid over that amount on September 25, 1942.

"The allowance of $100 was made in consideration of his services as counsel to the bankrupt under the usual bankruptcy practice. There was no allowance made to him on account of his services as as-

signee. In my opinion he deserved none, and he was extremely lucky to have his financial responsibility discharged by way of compromise with no further investigation.

"It isn't necessary to enlarge upon the criticism of MacNeil's conduct in this case. It is enough to say that his conduct was quarrelsome and obstructive throughout and of a character to throw serious doubts upon his good faith. His confusion of the bankrupt's business matters and his obstruction of the administration added very heavily to the general cost. It would be scandalous to pay such an assignee for such services."

Promptly after the filing of this certificate in the court below the appellant moved in that court to recommit, and at the same time, November 2, 1943, he also filed objections to the certificate and proposed amendments thereto. The docket entries for the above date show the filing of both the motion and the objection and that "Certificate by referee, objections thereto and motion to recommit assigned for hearing on November 16, 1943, at 2 P.M." On November 17, 1943, the court below entered an order dismissing the motion to recommit and an order affirming the order of the referee, in both of which it is recited that counsel for the appellant and counsel for the trustee had been heard. This appeal is from these orders.

The appellant's principal contentions are first, that his motion to recommit should have been granted for the reason that the referee's certificate does not conform to the requirements of § 39 sub. a (8), of the Bankruptcy Act, 52 Stat. 858, 11 U.S.C.A. § 67, sub. a (8)[1] and second, that the order of the referee awarding him only $100 as counsel fee should not have been affirmed without affording him an opportunity to be heard, which he says the District Court did not do, as required by General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53.[2] We find no merit in these contentions.

---

[1] "Referee shall * * * prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits."

[2] This order reads: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

The appellant says that the certificate does not comply with the requirements of the law in that nowhere in it "is there any findings of fact on the question of whether or not the appellant performed the services alleged by him, nor is there a transcript or a summary of the evidence relating to the services performed by the appellant," which he says, is the vital issue in the case. The short answer is that the vital issue in the case is not the extent of the appellant's services but the amount he ought to be. paid for the services rendered. The certificate quoted above clearly shows that the referee did not concern himself at all with the amount of work done by the appellant, but only with what he deserved to be paid and that compensation was denied not because the appellant performed no services, but because of his misconduct. This is a good reason for the action taken. In re Polansky, D. C., 41 F.2d 547, 548. The evidence summarized and the findings made in the certificate on the issue considered by the referee are certainly detailed and explicit, and it follows that the certificate clearly conforms to statutory requirements in these respects.

We pass now to the appellant's second contention.

We concede that the general order above gives a right to a hearing before a District Court affirms an order of a referee, but we are by no means persuaded that the appellant here was denied that right or even that he failed to avail himself of it. His counsel states in his brief and said in oral argument that he had not been heard on the merits of his petition for review but had been heard only as to the form and content of the referee's certificate on that petition. His statement of the points upon which he intends to rely upon this appeal contain a similar allegation. On the other hand, counsel for the trustee says that full hearing on the merits was had in the court below; the docket entries for the day upon which the appellant's motion and objections were filed shows that both matters were set for hearing, and the District Court in its order affirming the referee's report recites that arguments of counsel for the appellant and counsel for the trustee had been heard and considered.

Clearly the question of whether the appellant was or was not heard on his objections is one of fact, and equally clearly the court below has decided it adversely to the appellant. In our opinion to challenge that decision here, in view of what appears in the record, more must be adduced than mere assertions of counsel.

Other contentions advanced by the appellant have been considered but are too lacking in merit to warrant discussion.

The orders of the District Court are affirmed with costs to the appellee.