291 F.2d 255
 M. M. ZENOFF, Commercial Credit Corporation and Southwestern Publishing Company, Inc., Appellant,
v.
Charles J. KETCHAM, doing business as Lake Motors and Studebaker Sales and Service, and Studebaker Packard Sales Agency, Appellee.
 No. 16469.
 United States Court of Appeals Ninth Circuit.
 May 31, 1961.
 
 Magleby & Posin, and Albert M. Dreyer, Las Vegas, Nev., for appellants.
 Hawkins, Cannon & Hawkins, Las Vegas, Nev., and Gordon L. Hawkins, Las Vegas, Nev., for appellee.
 Before POPE, HAMLIN and MERRILL, Circuit Judges.
 HAMLIN, Circuit Judge.
 
 
 1
 The order of the district court from which this appeal is taken commences by saying, "This matter is a masterpiece of confusion." We agree.
 
 
 2
 On March 1, 1957, the appellants filed a petition in the United States District Court for the District of Nevada seeking to have Charles J. Ketcham adjudicated an involuntary bankrupt. The matter was referred to a referee who held a hearing on April 13, 1957, and dismissed the petition on June 18, 1957, on the ground that "Charles J. Ketcham, is now and has been for more than six months prior to March 1, 1957, a resident of and domiciled within the State of California." A petition for the review of this order was timely filed on July 6, 1957.[1]
 
 
 3
 Pending the hearing on the petition to declare Ketcham an involuntary bankrupt, the referee had issued an injunction restraining the sale under a deed of trust of certain real property alleged to belong to Ketcham, but when the petition was dismissed on June 18, 1957, no order was made continuing the injunction in effect. The real property secured by the deed of trust was sold at foreclosure sale on July 2, 1957, and on the same day that the petition for review of the referee's order was filed, July 6, 1957, a petition was filed seeking to set aside the sale under the deed of trust.
 
 
 4
 While the record does not show that responsibility can be placed on either the appellants, the referee, the clerk of the bankruptcy referee, the clerk of the district court, the district judge, the appellees, or the attorneys for any of the parties, the record does show that to date there has been no hearing on the merits of the petition for review or the petition to vacate the sale under the deed of trust.
 
 
 5
 On September 9, 1957, apparently without notice to either party, the district judge ordered that "the prayer of each of the respective petitions be and they are hereby denied." At this time the referee's certificate had not been filed. On October 8, 1957, in response to a motion to vacate the order of September 9 on the ground that it had been improvidently made, the district judge made an order in which he stated that the certificate of the referee was not on file and that "petitioners should not be prejudiced because of the failure of the Referee to file such certificate." He then decided that the order of September 9 should be amended and accomplished that end as follows:
 
 
 6
 "Ordered, that the order of this Court made and entered on the 9th day of September, 1957, be and is hereby amended and modified as follows: That the paragraph of said order reading
 
 
 7
 `Ordered, that the prayer of each of the respective petitions be and they are hereby denied'
 
 
 8
 be stricken, and that in lieu thereof the following paragraph be inserted:
 
 
 9
 `Ordered, that each of said petitions be and they are hereby, dismissed without prejudice, it appearing that the Court has no jurisdiction to hear the matters presented in the petitions at this time.'"
 
 
 10
 Apparently nothing further was done in the matter until January 23, 1959,[2] when further hearing on the petition to review was set for May 4, 1959, "to the end that `all interested' parties might appear, or at least file their points and authorities, in support or opposition to the petition for review." This order contained the following:
 
 
 11
 "Further Ordered, that a copy of this order be forthwith served by the Clerk upon the interested parties herein mentioned to the end that they may, within fifteen days from the date hereof, file their authorities in support of whatever position they desire to take (1) in connection with the petition for review, and (2) the petition to vacate sale."
 
 
 12
 On the 26th of February, 1959, the district judge dismissed the proceedings. In this order he stated that the further hearing of the petition for review had been set for May 4, 1959, and that within the fifteen-day period after the January 23rd order, although a memorandum had been filed by counsel for the alleged bankrupt no memoranda had been filed by petitioners. He concluded that argument would be "futile" and ordered that "all proceedings now pending in this matter be * * * dismissed with prejudice." An appeal to this court was timely filed, and we have jurisdiction under the provisions of 11 U.S.C.A. §§ 47 and 48.
 
 
 13
 We shall consider the order of October 8, 1957, purporting to dismiss the petition without prejudice, as one which denied the petitions without prejudice, inasmuch as the court in that order stated that "the facts as now presented to the Court indicate that the petitioner should not be prejudiced because of the failure of the Referee to file such certificate." The language used indicates that it was not intended to be a final disposition.
 
 
 14
 Petitioners have contended in this court that even though Ketcham may not have been a resident of Nevada for more than six months before the filing of the involuntary petition in bankruptcy, that nevertheless under Section 32 of the Bankruptcy Act as amended in 1952, 11 U.S.C.A. § 55, the district judge had power to transfer the case to another court of bankruptcy or to retain the case in the interest of justice. We do not pass upon this contention.
 
 
 15
 The petitioners, however, are entitled to a hearing before the district judge on the merits of their petitions. The judgment of the district court is reversed with directions to grant such hearing.
 
 
 
 Notes:
 
 
 [1]
 Time to file the petition was extended by the referee to July 6, 1957
 
 
 [2]
 The referee filed his certificate on February 10, 1958