In the Matter of **WONDERBOWL, INC.,** a California corporation, Debtor.
**CARUSO ENTERPRISES, INC.,** Appellant,

v.

**A. J. BUMB, Trustee, Appellee.**

No. 24230.

United States Court of Appeals, Ninth Circuit.

April 3, 1970.

---

G. M. Triester (argued), of Quittner, Stutman, Triester, & Glatt, Sulmeyer, Kupetz & Alberts, Los Angeles, Cal., for appellant.

C. E. H. McDonell (argued), Los Angeles, Cal., for appellee.

Before BROWNING, CARTER, and WRIGHT, Circuit Judges.

**PER CURIAM:**

This appeal arises out of a proceeding under Chapter X of the Bankruptcy Act (11 U.S.C. § 501 et seq.) for the reorganization of Wonderbowl, Inc., a California corporation.

The district court designated appellee, A. J. Bumb, as trustee for the debtor corporation, and referred the proceedings to a Referee in Bankruptcy.[1]

The trustee applied for an order authorizing the sale of certain real property and leasehold interests owned by the corporation. The court directed the referee to hold a hearing on the application, as a special master.[2]

Appellant, claiming certain security interests in the properties, appeared at the hearing and objected to the sale. In due course the referee-special master submitted two reports to the district court recommending approval of a sale of the properties free and clear of security interests, which would attach to the proceeds.

Appellant filed written objections to the referee-special master's reports with the district court. The district judge set February 10, 1969, as the date for hearing on appellant's objections. On that date the court continued the hearing *sua sponte* to February 24, 1969. On February 24, 1969, appellant asked for and was granted a further continuance to March 10, 1969. On March 5, however, the district judge signed the special master's findings and conclusions authorizing the sale and directing that it be free and clear of appellant's security interests. On March 24, 1969, the judge

1. 11 U.S.C. § 517 permits the judge "at any stage of a [Chapter X] proceeding, [to] refer the proceeding to a referee in bankruptcy to hear and determine any and all matters not reserved to the judge by the provisions of [Chapter X], or to a referee as special master, to hear and report generally or upon specified matters."

2. 11 U.S.C. § 516(3) reserves to the trial judge the power to authorize the lease or sale of a debtor's property upon the approval of the debtor's petition. Thus, a referee may act only as a special master and "hear and report" on an application under § 516(3). *See* note 1; *see also* 6 Collier, Bankruptcy, ¶¶ 3.13, 3.27, 3.35–36 (1969 ed.); 5 J. Moore, Federal Practice & Procedure, ¶ 53.12 [6]–[8], at 3022–29 (1969 ed.); 11 Remington, Bankruptcy, ¶ 4402, at 96–97 (1961 ed.).

entered an order providing "the order of February 24, 1969, continuing hearing of the objections to the Referee to March 10, 1969, at 11:00 a. m., vacated, *Nunc Pro Tunc* to March 5, 1969."

Appellant challenges the district court's order approving the sale on two grounds: (1) because the district court failed to hold a hearing before affirming the special master's recommendations as required by General Order in Bankruptcy 47 and Rule 53(e) (2) of the Federal Rules of Civil Procedure; and (2) because the sale would dispose of all the debtor corporation's tangible assets before a reorganization plan had been filed, a result allegedly proscribed in a Chapter X proceeding absent an "emergency."

■ Appellant's second ground rests upon In re Solar Manufacturing Corp., 176 F.2d 493 (3d Cir. 1949). The rationale of that decision has been rejected by the Court of Appeals for the Fifth Circuit (In re Dania Corp., 400 F.2d 833, 836 (5th Cir. 1968); *see also* Frank v. Drinc-O-Matic, 136 F.2d 906 (2d Cir. 1943), and has been criticized by commentators as reflecting an overly restrictive view of the district court's power to authorize the sale or lease of a corporate debtor's property under 11 U.S.C. § 516 (3). *See* Oglebay, Some Developments in Bankruptcy Law, 24 Ref.J. 63, 64 (1950), quoted in 6 Collier, Bankruptcy, *supra* ¶ 3.27, at 626–27 n. 25. We do not resolve the question, however, for we are satisfied that reversal is required upon appellant's first ground.

General Order 47 provides:

"Unless otherwise directed in the order of reference the report of a referee or special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge *after hearing* may adopt the report or may modify it or may reject it in whole or in part or may receive

further evidence or may recommit it with instructions" (emphasis added).

Rule 53(e) (2), made applicable to bankruptcy proceedings by General Order 37,[3] provides:

"In an action to be tried without a jury the court shall accept the master's findings of facts unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. * * * The court *after a hearing* may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions" (emphasis added).

Appellee contends that the district judge was not required to hold a hearing because the arguments raised in opposition to the reports had been fully aired before the referee-special master and were reflected in appellant's written objections filed with the district court. We think it clear from the language of the General Order and the Rule, however, that objectors to a referee-special master's report have a right to be heard before the bankruptcy court acts on the report. This is the construction given General Order 47 by the First and Fourth Circuits (MacNeil v. Bailen, 143 F.2d 230, 232 (1st Cir. 1944); In re Topoloff, 106 F.2d 300, 302 (4th Cir. 1939)), and is implicit in Judge Hamlin's opinion for this court in Zenoff v. Ketcham, 291 F.2d 255, 257 (9th Cir. 1961). *See also* Gleeson v. Carr, 219 F.2d 64, 68–69 (9th Cir. 1955). *Cf.* Dredge Corp. v. Penny, 338 F.2d 456, 461 (9th Cir. 1964).

The judgment is vacated and the cause is remanded for further proceedings. The mandate shall issue forthwith. In the event of a further appeal relating to the authorization of the sale, it may be heard on the present record supplemented as either party may desire, and the hearing will be expedited upon application.

3. General Order 37 provides in pertinent part:
"In proceedings under the Act the Rules of Civil Procedure for the Dis-
trict Courts * * * shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."