460 F.2d 1220
 In the Matter of WONDERBOWL, INC., a California corporation, Debtor.
WRATHER CORPORATION, Petitioner-Appellant,
v.
SECURITY PACIFIC NATIONAL BANK et al.,
Respondents-Appellees, George T. Goggin, Trustee-Appellee.
 No. 71-1303.
 United States Court of Appeals,
Ninth Circuit.
 April 11, 1972.
 
 Robert H. Shutan (argued), of Shutan & Trost, Los Angeles, Cal., Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Beverly Hills, Cal., for appellant.
 C. E. H. McDonnell (argued), Buchalter, Nemer, Fields & Savitch, Robert Fitzpatrick, Los Angeles, Cal., for appellees.
 Before BROWNING and DUNIWAY, Circuit Judges, and COPPLE, District Judge*.
 DUNIWAY, Circuit Judge:
 
 
 1
 Wrather Corporation appeals from the district court's order refusing to permit Wrather to withdraw its successful bid for certain property owned by the debtor Wonderbowl, Inc. We reverse.
 
 
 2
 In a proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C. Sec. 501ff, the Trustee of Wonderbowl, Inc. offered for sale at a court-authorized auction, "free and clear of liens and encumbrances," three parcels of land owned by Wonderbowl. At the sale hearing on November 6, 1968, Caruso Enterprises, Inc. (CEI), alleging itself to be a secured creditor with a lien on part of the real estate being offered for sale, objected to a sale free and clear of encumbrances on the ground that secured creditors had received no notice of the proposed sale nor an opportunity to be heard. The special master overruled the objection, but Wrather's representative expressed concern over the legal implications raised by CEI's objections. After a one-day hiatus in the proceedings to bring CEI's objections to the attention of the district court, bidding commenced. CEI again objected to the sale, and the objection was again overruled by the special master. Wrather offered the top bid on the property, one of the express terms of its bid being that escrow would close on or about January 31, 1969. The bid was accepted.
 
 
 3
 The district court approved the sale to Wrather on the terms of the written offer on March 7, 1969. CEI appealed and this court vacated the district court's order approving the sale on April 3, 1970. Caruso Enterprises, Inc. v. Bumb, 9 Cir., 1970, 424 F.2d 178. Wrather then withdrew its bid and demanded return of its deposit, filing with the court on May 6, 1970, a Notice of Withdrawal of Offer to Purchase Realty. On November 6, 1970, the district court found that Wrather's attempted withdrawal of its bid was ineffective and that Wrather was still bound by its original offer. This appeal is from that determination.
 
 
 4
 Wrather argues (1) that the district court erroneously interpreted its original bid as including an implicit agreement to keep its bid open indefinitely while awaiting the outcome of potential litigation between CEI and the Trustee and (2) that Wrather was justified in withdrawing its bid because of the unanticipated delay in consummating the sale. We agree.
 
 
 5
 The evidence is overwhelming that both Wrather and the Trustee contemplated a rapid completion of the transaction. The written offer, as accepted by the Trustee and the district court, set a January 31, 1969, closing date for escrow, which gave the Trustee approximately 84 days in which to convey clear title. The statements of the Trustee, the special master, and a representative of Wrather, both at the hearing and subsequently, indicated that no one expected the CEI objection to present a significant obstacle to the sale or to cause substantial delay, especially in light of the facts that Wrather's high bid exceeded the aggregate amount of all liens on the property including the third deed of trust claimed by CEI, and that it was contemplated that the liens would be transferred to the sale proceeds.
 
 
 6
 Under such circumstances we cannot agree with the district court's conclusion that Wrather's bid was "made under conditions and circumstances which indicated that the trustee might be faced with litigation which would have to be concluded before the trustee could comply with the terms of the bid" and that consequently such conditions were "deemed implicitly incorporated into the bid." To the contrary, the evidence compels the conclusion that an early closing was intended and expected and that the long delay caused by CEI's litigation was not anticipated.
 
 
 7
 There being no agreement between buyer and seller to postpone transfer of title indefinitely until extensive litigation was completed, Wrather was justified in withdrawing its bid when the Trustee was unable to deliver clear title to the property after passage of a reasonable time. Wrather's failure to stand upon the January 31, 1969 deadline in its bid was a waiver of its right to insist upon compliance with that time requirement. But it was still entitled to performance within a reasonable time and that has not been tendered. A bidder at a bankruptcy sale should not be required to accept, involuntarily, the risk that the Trustee will be unable to conclude the sale for an indefinite and unreasonably long period of time, during which the bidder must remain obligated. The resulting uncertainty would be inconsistent with the primary objective of bankruptcy sales-to attract the highest possible bids from responsible buyers. Under these circumstances, we hold that Wrather was entitled to withdraw its bid and to secure a refund of its deposit, and that the district court's holding to the contrary was erroneous.
 
 
 8
 Reversed.
 
 
 
 *
 Honorable William P. Copple, United States District Judge, District of Arizona, sitting by designation