Jane KIEFFER, Plaintiff–Appellant,

v.

SEARS, ROEBUCK & COMPANY, Defendant–Appellee.

No. 88–3473.

United States Court of Appeals, Sixth Circuit.

Argued March 20, 1989.

Decided May 3, 1989.

Alexander M. Spater, Michael S. Kolman (argued), Spater, Gittes & Terzian, Columbus, Ohio, for Jane Kieffer.

David J. Young, Steven W. Tigges (argued), Murphy, Young & Smith, Columbus, Ohio, for Sears, Roebuck & Co.

Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff Jane Kieffer appeals from the judgment of the district court adopting the report and recommendation of a special master and granting summary judgment for defendant Sears, Roebuck & Company in this employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Appellant argues, *inter alia,* that the district court erred in adopting the special master's report and recommendation without holding a hearing. For the following reasons, we vacate the judgment of the district court and remand for a hearing.

## I.

Appellant filed her complaint on April 29, 1982. She alleged that appellee discriminated against her on the basis of her sex through its promotion opportunities, the terms and conditions of employment, its failure to correct the present effects of past discrimination, and its discharge of her on March 31, 1980.

On February 5, 1987, the district court granted partial summary judgment for appellee on appellant's claims concerning promotion, terms and conditions of employment, and present effects of past discrimination. The district court then referred the discharge issue to a United States Magistrate acting as a special master pursuant to 42 U.S.C. § 2000e–5(f)(5) and 28 U.S.C. § 636(b)(2).[1] The case was tried to the special master on May 12, 13, and 14, 1987.

On March 3, 1988, the special master issued a report and recommendation finding that appellee did not discriminate against appellant when it discharged her. Appellant filed a motion for reconsideration of the magistrate's report and recommendation pursuant to Federal Rule of Civil Procedure 53(e)(2) and requested oral argument. On April 26, 1988, the district court adopted the report and recommendation of the special master without holding a hearing. Appellant timely appeals.

## II.

Appellant argues, *inter alia,* that Rule 53 mandates that the district court hold a hearing concerning her objections before adopting the special master's report and recommendation and, therefore, the court erred in adopting the report and recommendation without holding a Rule 53 hearing.

Rule 53(e)(2) reads as follows:

(2) *In Non Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

In *In re Wonderbowl,* 424 F.2d 178 (9th Cir.1970), the Ninth Circuit was presented with a nearly identical procedural situation. In that case, the district court referred a bankruptcy matter to a special master. The district court adopted the special mas-

---

1. Section 2000e–5(f)(5) reads as follows:
   It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited.

   If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

ter's report and recommendation without holding a hearing. The appellant challenged the district court's order on the ground that it had failed to hold a hearing as mandated by Rule 53 and General Order in Bankruptcy 47.[2] The court of appeals agreed and held that Rule 53 clearly gives objectors the right to be heard before the court adopts the report of a special master. *Id.* at 180. *See also In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 739 F.2d 1169, 1172 (7th Cir.1984); 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2612, at 805 (1971) ("The court must hold a hearing on the motion [objecting to the special master's report]"). We agree.

Appellee argues that a hearing was not necessary because oral argument was held before the special master and comprehensive briefs were filed with the district court addressing appellant's objections. These arguments were expressly rejected by the Ninth and Seventh Circuits.

> One who files objections to the report of a Special Master thus has a right to be heard on those objections before the court acts on the report. This is so even though the objector's arguments have been presented and considered before the Master and have been filed in writing before the court.

*In Re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 739 F.2d at 1172 (citing *In re Wonderbowl,* 424 F.2d 178). We are equally unimpressed with this argument. We do not believe that the fact that a party's objections are comprehensively briefed avoids the plain language of the rule, which clearly states that the court may adopt the report after hearing.

Accordingly, we hold that when a district court is presented with objections to the report of a special master, the objector has a right to a hearing[3] and, therefore, we must remand this case so that the hearing which is mandated by Rule 53 can be held.

■ In remanding this case, we note that appellant makes several arguments before this court concerning the magistrate's handling of the evidence concerning allegedly similarly situated or comparable employees. In particular, appellant argues that the magistrate erred in determining that employees who worked in departments other than her department were not comparable employees for the purpose of showing disparate treatment. Furthermore, she argues that this alleged error was compounded by the magistrate's inconsistent determination that appellee could introduce evidence concerning employees from other departments as comparable employees to disprove pretext. While we express no opinion on the ultimate merit of these arguments, we believe the failure to afford appellant the opportunity to press these serious arguments at a hearing before the district court was inconsistent with substantial justice and, therefore, was not harmless error. *See* Fed.R.Civ.P. 61.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings.

---

2. General Order in Bankruptcy 47 tracks the language of Rule 53: "The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

3. Appellant also asserts that even though she asked for oral argument in this case, she was not required to request a hearing because the rule mandates that the court hold a hearing. Appellant's argument is well taken. However, since appellant did request oral argument in this case, we need not decide whether she was required to request a Rule 53 hearing.