881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William PARKS, Jr., Plaintiff-Appellant,
v.
STATE OF TENNESSEE, et al., Defendants-Appellees.
 No. 88-5921.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.[1]
 PER CURIAM:
 
 
 1
 Plaintiff, William Parks, Jr., appeals from the District Court's order dismissing his employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. During the pendency of plaintiff's appeal, this Court held in Kieffer v. Sears, Roebuck & Co., 873 F.2d 954 (6th Cir.1989), that Rule 53(e)(2), Fed.R.Civ.P., mandates an oral hearing by the District Court on objections to a special master's report and recommendation when such hearing has been requested. In the present case, the District Court rejected Parks' objections to the magistrate's report and recommendation without granting Parks' request for oral argument. Parks filed his merits brief on November 28, 1988, but did not raise the oral hearing issue until May 22, 1989, shortly after the Kieffer decision.
 
 
 2
 The initial question presented in this appeal is whether Parks' failure to raise the oral hearing issue in his brief constitutes a waiver under Rule 28, Fed.R.App.P. The waiver cases cited by appellees are not persuasive. These cases merely state the general rule that "Rule 28 ... has been interpreted to require that all issues be set out in the appellant's brief and the respondent's answer, and failure to comply may constitute a waiver." U.S. v. White, 454 F.2d 435, 439 (7th Cir.1971), cert. denied, 406 U.S. 962 (1972) (emphasis added). See, e.g., Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir.1984); Twachtman v. Connelly, 106 F.2d 501, 509 (6th Cir.1939). The waiver cases apply when the law remains constant through the pendency of an appeal. However, courts of appeal must take notice of intervening changes in the law, and "apply the law in effect at the time it renders its decision," unless this would result in manifest injustice. Bradley v. Richmond School Bd., 416 U.S. 696, 711 (1974); Ratliff v. Wellington Exempted Village Schools Bd. of Educ., 820 F.2d 792, 797 (6th Cir.1987).[2]
 
 
 3
 Appellees argue that the Bradley and Ratliff holdings are not relevant because, during the pendency of this appeal, Kieffer "did not change[ ], modif[y], or clarif[y] the rule which governed." There is some merit to this argument, since the Kieffer court based its ruling on the plain language of Rule 53. However, until the Kieffer decision there was no clear consensus in this Circuit that the term "after hearing" as used in Rule 53, Fed.R.Civ.P., required an oral hearing. Thus, the Kieffer court has now clarified Rule 53. Parks is therefore entitled to remand since there will be no manifest injustice to appellees in this case, and will merely allow appellant to have the hearing accorded under Rule 53. We decline to hold the failure to provide an oral hearing before the district judge harmless. The District Court's scope of review of a magistrate's report and recommendation in this Title VII case is broader than our own. "The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." Fed.R.Civ.P. 53(e)(2).
 
 
 4
 Accordingly, the District Court's judgment is VACATED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The Honorable Wendell A. Miles, Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 Cases holding that judicial decisions should be given retrospective effect go back to United States v. Schooner Peggy, 1 Cranch 103, 110 (1801). "The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." United States v. Security Industrial Bank, 459 U.S. 70, 79 (1982). See also Linkletter v. Walker, 381 U.S. 618, 622-25 (1965)