45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty L. GREEN, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary, Department of the Treasury,
Defendant-Appellee.
 No. 94-1210.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff, Betty Green, brought claims in the district court against defendant based on Title VII of the Civil Rights Act, the Age Discrimination in Employment Act of 1967, and the Rehabilitation Act. On June 25, 1992, the district court granted summary judgment in favor of defendant on the Title VII and ADEA claims. This appeal concerns the district court's order of November 22, 1993, appointing a United States Magistrate Judge as a special master pursuant to 28 U.S.C. 636(b)(2) and Fed.R.Civ.P. 53(b), for the purpose of conducting trial on plaintiff's Rehabilitation Act claim.
 
 
 3
 After conducting a trial on plaintiff's Rehabilitation Act claim, the special master filed his recommendation that judgment be entered in favor of defendant. Plaintiff then filed her objections to the special master's recommendation. In spite of plaintiff's objections, the district court adopted the special master's recommendation and dismissed plaintiff's complaint.
 
 
 4
 On appeal, plaintiff takes issue with the district court's Rule 53(b) reference to the magistrate judge as special master. She objects to the special master in general, and, specifically, she maintains that her case did not present exceptional conditions justifying the reference. See Rule 53(b). At no time before her appeal to this court did plaintiff object to the district court's reference to the special master. Plaintiff did not even take issue with the reference in her objections to the special master's recommendation to the district court. This court has held, in the context of referral to a magistrate judge pursuant to 28 U.S.C. 636(b)(3), that "a magistrate judge's lack of statutory authority is not a jurisdictional defect, so any objection is waived if not raised." Clark v. Poulton, 963 F.2d 1361, 1367 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Because plaintiff failed to take issue with the special master reference in a timely manner, she has waived her objection. See id.; see also, e.g., Koetting v. Thompson, 995 F.2d 37, 39 (5th Cir.1993); Burlington N. R.R. v. Department of Revenue, 934 F.2d 1064, 1069 (9th Cir.1991); Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566 (Fed. Cir.), cert. denied 488 U.S. 892 (1988).
 
 
 5
 Plaintiff also argues on appeal that the district court erred in failing to hold a hearing on her objections to the special master's recommendation. Fed.R.Civ.P. 53(e)(2) addresses the special master's report in non-jury actions and states:
 
 
 6
 "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."
 
 
 7
 This has been construed, we think properly, to require that a party make an application by motion that a hearing be held and give notice of its request. See Hepner v. Chozick, 296 F.2d 595 (D.C.Cir.1961) (no error or abuse of discretion where court reviewed the pleadings, report, record and objections without receiving further evidence); Moore's Federal Practice 1/2 53.13 (2d ed.1994). Notice is to be given in accordance with Rule 6(b) as quoted above.
 
 
 8
 Our reading of the rule, as explained above, requires the district court to hold a hearing on objections to the report, if requested to do so, before it adopts the special master's recommendation. We notice that in Kieffer v. Sears, Roebuck & Co., 873 F.2d 954, 956 (6th Cir.1989), and Chicago, M., St. P. & Pac. R.R. v. Wisconsin, 739 F.2d 1169, 1172 (7th Cir.1984), our sister circuits held that error was committed where requests for hearings were made and denied. These decisions are not inconsistent with our analysis in which the same result would have been reached had such a request been made by Appellant. Further, we do not find In re Kosmadakes, 444 F.2d 999, 1003 (D.C.Cir.1971), and Caruso Enters., Inc. v. Bumb (In re Wonderbowl, Inc.), 424 F.2d 178, 180 (9th Cir.1970), inconsistent with our decision today as those cases make no mention of whether the hearing at issue was requested or not. We find nothing in the record, nor is it argued on appeal, that any request for a hearing was made to the district court. Thus in our opinion no hearing was required.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470