**In re the DANIA CORPORATION,**
Debtor.
**INTERNATIONAL BANK OF MIAMI,**
Appellant,

v.

**J. H. BROCK, Trustee in Reorganization,**
Appellee.

No. 24638.

United States Court of Appeals
Fifth Circuit.

Sept. 17, 1968.

Rehearing Denied Oct. 28, 1968.

3. Fay v. Noia, 372 U.S. 391, at page 438, 83 S.Ct. 822 at page 848, 9 L.Ed.2d 837 (1962).

Sam I. Silver, Miami, Fla., for appellant.

Irving M. Wolff, John H. Gunn, Thomas H. Wakefield, Earl D. Waldin, Jr., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, CLAYTON*, Circuit Judge, and SCOTT, District Judge.

SCOTT, District Judge:

This is an appeal from two orders of the District Court issued pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 501–676.

The first order appealed from confirmed the sale of 124,560 shares of Dania Bank stock owned by the debtor. The second order directed the rejection of an executory contract between the debtor and appellant. The District Judge's authority for ordering the sale and the rejection of the contract is in Section 116 of the Bankruptcy Act, 11 U.S.C.A. § 516.

The debtor, The Dania Corporation, is the corporate owner and holder of 174,893 shares of stock of The Dania Bank of Dania, Florida. This stock represents approximately 80% of the stock issue of The Dania Bank. It comprises the major asset of the debtor.

On July 23, 1965, The Wingreen Company made a note for $100,000.00 payable to the Inter National Bank, evidencing a loan made to Wingreen by the appellant bank. At the same time Dania Corporation pledged 4,680 shares of Dania Bank stock to the Inter National Bank as collateral for the loan made to Wingreen and signed a hypothecation agreement to make the stock available as collateral.

On January 25, 1966, The Dania Corporation filed a voluntary petition for reorganization under Chapter X. The petition was approved by the District Court as being filed in good faith and a trustee was appointed. Thereafter, Dania's petition was consolidated with the petitions for reorganization which had been filed by The Wingreen Company and The Lake Worth Company.

---

* Judge Clayton heard oral argument but on account of illness was unable to participate in the consideration or decision of this case.

The Court ordered the consolidation because of the close relationship between these three companies.

After the approval of Dania's petition, the trustee petitioned the Court for the entry of a rule to show cause as to why he should not be allowed to dispose of 124,560 shares of Dania Bank stock in accordance with the terms of an offer submitted by Investment Securities Corporation. He simultaneously petitioned for a rule to show cause why he should not be allowed leave to abandon various executory contracts involving stock pledges of Dania Bank stock. One of the contracts which the trustee sought to have rejected was the note in question here, i. e., the note between Wingreen and the Inter National Bank which was secured by 4,680 shares of Dania Bank stock owned by the debtor. The District Court entered both rules to show cause. After a hearing the order of sale and the order rejecting the executory contract were also entered. No plan for reorganization had been presented to the Court at the time these two orders were entered. The question before us is whether the District Judge properly exercised his authority to enter these orders.

## I.

Appellant challenges the District Court's authority to order the sale of the stock in question on the grounds that the order was entered before any reorganization plan had been considered, before any evaluation of the assets had been undertaken and when no emergency situation existed to warrant a sale under Section 116 of the Act. Appellant contends that the sale of this stock, which is the major asset of the debtor, would be tantamount to an ordinary bankruptcy liquidation which is not contemplated by a Chapter X proceeding except upon the failure of the reorganization plan.

Section 116 of the Act provides:

"Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties in this chapter conferred and imposed upon him and the court—* * * authorize * * * a trustee * * * upon such notice as the judge may prescribe and upon cause shown, to * * * sell any property of the debtor, whether real or personal, upon such terms and conditions as the judge may approve * * *." (11 U.S.C.A. § 516)

The question of the power of the District Court to order the sale depends upon the circumstances at the time of the issuance of the Court's order on January 19, 1967. This was before submission of any reorganization plan to the Court and approximately eight months after the approval of the petition.

The debtor in these consolidated proceedings under Chapter X held 174,893 shares of the common stock of The Dania Bank, a state bank incorporated under the laws of the State of Florida to conduct a banking business. The Court had already found there was no equity for stockholders of Dania Corporation in the bank stock.

On December 31, 1966, the debtor owed $5,330,634.29 principal on obligations involving the pledging of all of The Dania Bank stock it held. The obligations were collateralized on a primary and secondary basis, and had earned interest as of December 31, 1966, in an amount of $258,238.71, or a total outstanding indebtedness of principal and interest as of December 31, 1966, of $5,588,873.00.

Interest was accruing daily and the stockholdings of the debtor were subjected to collateral pledges involving the Florida National Bank of Jacksonville, the Citizens National Bank of Orlando, the United Security Life Insurance Company, Garvice D. Kincaid, the Lexington Finance Corporation, the Inter National Bank of Miami and the American National Bank of Jacksonville, Florida.

The Dania Bank advised the trustee, who advised the Court, that payments of dividends on the stock issued by The Dania Bank were suspended. The questionable market value of Dania Bank

stock held by the debtor was deteriorating rapidly and the estate's equity therein was diminishing daily. In addition, a challenge had been lodged by Garvice D. Kincaid on behalf of himself and the Lexington Finance Corporation seeking to reclaim some $31,000.00 from the trustee, the last dividends paid by The Dania Bank on its stock in March of 1966. (The sum sought to be recovered by Kincaid was the dividends paid on the 124,-560 shares of Dania Bank stock upon which Kincaid and/or Lexington Finance Corporation held collateral security of a secondary nature.) Added to that claim were appeals addressed to two orders, the defense of which would have caused the estate to experience administrative expenditures. Out of the orders denied the motions to vacate the order of consolidation. The other approved the debtors' petition for reorganization under Chapter X, found good faith and appointed a trustee.

■■■ The Court properly exercised its statutory power to order the challenged sale. Section 116 of the Act empowers the Court to authorize the trustee to sell any property of the debtor, for cause shown, upon such terms and conditions as the Judge may approve. This power may be exercised any time after the Court has approved the debtor's petition for reorganization. The power may be utilized in the sound discretion of the District Judge; and the Appellate Court is not at liberty to substitute its judgment for that of the District Judge unless there is an abuse of discretion. Marathon Foundry and Machine Co. v. Schwartz, 228 F.2d 594 (7 Cir. 1956).

Appellant cites the case of Fidelity Assurance Assn. v. Sims, 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed. 1032 (1943), for the proposition that the sale of the major portion of the assets of a debtor is impermissible in a Chapter X proceeding except upon failure of the reorganization plan. However, a close reading of that opinion shows it to be not applicable here. It holds that a reorganization petition should be dismissed as not being filed in good faith where liquidation, and not a readjustment of the rights of creditors, was the only possibility at the outset. *Fidelity Assurance Assn.* does not apply here, where the petition was in fact filed in good faith at the inception, with a view toward corporate reorganization, but the sale of the debtor's assets became necessary some eight months later.

■■■ After a petition has been approved, the District Court may exercise its discretion in ordering the sale of all or of a portion of the assets of the debtor. There is no requirement that a plan for reorganization must be submitted, nor even that the sale be in aid of reorganization, or that it await a liquidation in straight bankruptcy. Furthermore, Section 102 of the Act (11 U.S.C.A. § 502) renders an appraisal of the assets in Chapter X proceedings unnecessary unless the Court has ordered the instigation of bankruptcy proceedings. In re Sire Plan, Inc., 332 F.2d 497 (2 Cir. 1964); In re V. Loewer's Gambrinus Brewery Co., 141 F.2d 747 (2 Cir. 1944).

■■ Appellant argues that a sale of assets under Section 116 is justified only where an emergency situation is present, involving imminent danger of the loss of these assets if not promptly sold. As authority for this position, it cites the case of In re Solar Mfg. Corp., 176 F.2d 493 (3 Cir. 1949). However, it must be noted that Section 116 authorizes such sales to be made within the sound discretion of the Court "upon cause shown". The statute makes no reference to the necessity or an impending emergency. Furthermore, the weight of authority in the various circuits is that Section 116 sales are proper where there is justifiable cause present, and where the sale is in the best interest of the debtor and the majority of the creditors. See e. g., In re Sire Plan, Inc., supra; Marathon Foundry and Machine Co. v. Schwartz, supra; In re V. Loewer's Gambrinus Brewery Co., supra.

Collier describes the use of Section 116 sales as follows:

" * * * under § 116(3) if the facts impel a decision that the debtor's property be sold prior to the working out of a reorganization plan, the judge may authorize the sale to be made. And even if such disposition involves all the income-producing property of the debtor, the order may be justified. Section 116(3) says 'any property of the debtor, whether real or personal', and even though the sale may practically prevent the adoption of a reorganization plan and thus defeat the purpose of the proceeding, it may be permitted where conditions warrant. There is no inconsistency in this result. True, as we have said, the goal of Chapter X is rehabilitation not liquidation. But some play must be allowed for the joints of the machine. A rigid denial of the right to sell or lease to the fullest extent necessary would prove ruinous to creditors and stockholders where the situation called for that action." 6 Collier, Bankruptcy 625 (14th ed. 1965).[1] * * *.

We find that the District Court properly ordered the sale of this debtor's assets under the circumstances outlined in its findings of fact. Even if no "emergency" situation existed here, as that word is normally used, there was certainly just cause shown to warrant the sale of these shares of stock for the reasons given by the District Judge in his finding of fact number 20.[2] This is all that is required by the statute.

Appellant's final attack on the order of sale is grounded upon the assertion that the order amounted to a denial of property without due process. Appellant urges that the order converted its holding of a marketable portion of a control interest into a mere minority interest in a closed corporation, thus rendering its collateral unmarketable. We find no merit in this contention, because the rule is well settled that even though a reorganization proceeding may cause the diminution in value of a secured creditor's collateral, the proceedings under the Act are not thereby unconstitutional. Continental Ill. Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110 (1935); Campbell v. Alleghany Corp., 75 F.2d 947 (4 Cir. 1935).

## II.

It is the position of appellant that the District Court erred in ordering the rejection of the contract between The Dania Corporation and appellant, whereby appellant lent The Wingreen Company $100,000.00 which was secured by a stock pledge of 4,680 shares of The Dania Bank stock owned by The Dania Corporation.

Section 116(1) of the Act (11 U.S. C.A. § 516(1)) authorizes the District Judge to reject any *executory* contract of the debtor, except contracts in the public authority. The Court may enter such an order any time after the approval of the debtor's petition for reorganization. Appellant argues that the note in question was not executory in nature, but was an executed contract.

The matter of whether the contract was executory in nature or executed is reserved for further determination by

1. See 6 Collier, Bankruptcy 626, n. 25 (14th ed. 1965), for a criticism of In re Solar Mfg. Corp., supra.

2. "20. That the consummation of the sale as proposed by the Trustee would realize substantial equity to the Debtor and, in turn, be of substantial benefit to the Debtor's creditors in that under the proposed sale:
"(a) The Debtor's estate would retain $31,140.00 received as dividends on 124,-560 shares of The Dania Bank stock now subject to the claim of Lexington Finance Company;
"(b) The Debtor's estate would receive an additional $75,000.00 cash;
"(c) The Debtor's estate would be relieved of a burdensome debt exceeding the amount of $3,923,440.00 on which interest is accumulating daily; and
"(d) The Debtor's estate would be relieved of the costs and expense of defending presently pending appeals."

the Chapter X active judge panel. The action of the District Court is affirmed as to the prior issues in Part I.

Affirmed in part, decision reserved in part.