In the Matter of **EQUITY FUNDING CORPORATION OF AMERICA,** Debtor.

**FINANCIAL ASSOCIATES,** a limited partnership, et al., Petitioners-Appellants,

v.

Robert M. **LOEFFLER,** Trustee, et al., Respondents-Appellees.

No. 73–3070.

United States Court of Appeals, Ninth Circuit.

Jan. 21, 1974.

Ronald M. Greenberg (argued), Glenn R. Watson of Richards, Watson, Dreyfuss & Gershon, Harvey A. Howard, Los Angeles, Cal., for petitioners-appellants.

Patrick Lynch, of O'Melveny & Myers (argued) Los Angeles, Cal., Lawrence D. Nerheim, Gen. Counsel, David Ferber (argued), Sol., Paul Gonson, Asst. Sol., Jerry W. Markham, of Securies and Exchange Commn., Washington, D. C., for respondents-appellees.

OPINION

Before WRIGHT, KILKENNY and WALLACE, Circuit Judges.

PER CURIAM:

This is an expedited appeal from an order of the district court, entered in the course of a reorganization proceeding under Chapter X of the Bankruptcy

Act [11 U.S.C. § 501, et seq.]. The order authorized the trustee of Equity Funding Corporation of America (EFCA), as sole stockholder of Liberty Savings and Loan Association, a wholly-owned subsidiary of EFCA, to consent to the sale of the assets of Liberty to Coast Federal Savings and Loan Association. The Liberty stock was in the possession of the trustee. We affirm the order of the district court and direct that the clerk issue the mandate forthwith.

Appellants, a group of former Liberty shareholders who now oppose the sale of Liberty's assets, had exchanged their stock for EFCA stock in a 1971 merger of Liberty and Crown Savings and Loan Association, another subsidiary of EFCA. Two days before the Chapter X petition was filed, appellants served a notice of rescission in which they attempted to rescind the merger on the basis of fraud. They contend that only an emergency or imminent danger of loss can warrant the court's approval of the consent to sell the assets of Liberty.

■ We reject the argument of appellants, based on In re Solar Mfg. Corp., 176 F.2d 493 (3d Cir. 1949), that a § 116 (3) [11 U.S.C. § 516(3)] sale may be authorized only in an emergency or where there is imminent danger of loss to the corporation. The rationale of *Solar* has been rejected by the Fifth Circuit (In re Dania Corp., 400 F.2d 833, 836 (5th Cir. 1968) and has been criticized by commentators "as reflecting an overly restrictive view of the district court's power to authorize the sale or lease of a corporate debtor's property under 11 U.S.C. § 516(3)." In re Wonderbowl, Inc., 424 F.2d 178, 180 (9th Cir. 1970). *See also,* Oglebay, Some Developments in Bankruptcy Law, 24 Ref.J. 63, 64 (1950), *quoted in* 6 Collier, Bankruptcy (14th ed. 1969) ¶ 3.27, at 626–27 n. 25.

Other circuits have recognized the power of the bankruptcy court under Chapter X to authorize a sale of the debtor's property under less than emergency conditions where such sale is necessary to avoid deterioration in the value of the assets. Frank v. Drinc-O-Matic, 136 F.2d 906 (2d Cir. 1943); In re Marathon Foundry & Machine Co., 228 F.2d 594 (7th Cir. 1955), cert. denied, 350 U.S. 1014, 76 S.Ct. 659, 100 L.Ed. 874 (1956).

■ In the instant case, there were findings of fact that the market value of Liberty was likely to deteriorate in the near future, that it might be a very substantial decline and that the proposed sale would be in the best interest of the bankrupt estate. Based upon these findings, which are not clearly erroneous, the trial court could properly conclude that there was "cause shown" for the approval pursuant to 11 U.S.C. § 516(3). That decision was within the wide discretion granted the trial court and we will not substitute our judgment absent an abuse of discretion. In re Marathon Foundry & Machine Co., 228 F.2d at 598.

Nor should the unresolved conflicting claim of stock ownership by appellants prevent the sale. The proceeds of the sale are to be held to satisfy appellants' allowable claims, if any. Even if they are entitled to rescind the merger, the bankruptcy court clearly has the power to modify the remedy by substituting a money recovery and appellants have shown no prejudice from their inability to recover assets in kind.

The trial court also found that the procedure used by the trustee in seeking a buyer for Liberty was fair as were the sales price and other terms. These findings are not clearly erroneous.

Appellants' motion for leave to adduce additional evidence before the reorganization court is denied.

Affirmed.