515 F.2d 18
 In the Matter of WONDERBOWL, INC., a California Corporation,
and Wonderbowl-Downey, Inc., a California
Corporation, Debtors.
Alvin S. BENNETT et al., Appellants,
v.
Sam JONAS, Trustee, and H. J. Caruso, Brunswick Corporation,
Appellees.
 No. 74-2133.
 United States Court of Appeals,
Ninth Circuit.
 April 4, 1975.
Rehearing and Rehearing En Banc Denied May 29, 1975.
 
 William J. Currer, Jr., Los Angeles, Cal. (argued), for appellants.
 George L. Catlin, Irving Sulmeyer, and H. Miles Raskoff, Los Angeles, Cal., (argued), for appellees.
 OPINION
 Before HUFSTEDLER, CHOY and WALLACE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The almost interminable litigation over the tangled affairs of Wonderbowl, Inc., and Wonderbowl-Downey, Inc., commenced when petitions for their reorganization were filed in 1967 under Chapter X of the Bankruptcy Act, is finally grinding to a close. Multiple lawsuits and hovering foreclosures prevented any feasible reorganization plan. Strenuous and prolonged efforts of the reorganization trustee, Jonas, ultimately resulted in sales, a lease, and compromises that together became the Amended Compromise approved by the district court. Everyone is satisfied, except appellants Bennett, Pollack, Sands, and Zucker, who directly proposed a plan to the court that was considered and rejected by the court, and appellant Fallon who was president of both corporations and who holds promotional stock in both. His stock at all times has been subordinated to all common stock; he is precluded from participating in any distribution of either corporation's assets until the common stockholders have been repaid their full purchase price and all unpaid dividends.
 
 
 2
 We dismiss the appeals of Bennett, Pollack, Sands, and Zucker. In legal contemplation, they are strangers to the reorganization proceedings, and they have no standing to appeal. Pursuant to section 206 of the Bankruptcy Act (11 U.S.C. § 606), Fallon's stock ownership gives him standing. (See Gleeson v. Carr (9th Cir. 1955) 219 F.2d 64, 67.) That his subordinated position renders his stock worthless leads us to doubt whether the interests he seeks to vindicate are his own, but neither that fact nor our doubt deprives him of his status as a stockholder giving him standing to appeal.
 
 
 3
 Fallon's attempt to characterize the Amended Compromise as a plan of reorganization for the purpose of attacking it as a plan is a failure. These agreements are precisely what they purport to be sales, a lease, and compromises. Packaging them together in the Amended Compromise does not alter their character. The reorganization trustee was fully empowered, with court approval, to sell, to lease, and to compromise within or without a reorganization plan. (Daniel Hamm Drayage Co. v. Willson (8th Cir. 1949) 178 F.2d 633; Fernow v. Gubser (10th Cir. 1943) 136 F.2d 971; see In re V. Lower's Gambrinus Brewery Co. (2d Cir. 1944) 141 F.2d 747, 749; Case v. Los Angeles Lumber Products Co. (1939) 308 U.S. 106, 130, 60 S.Ct. 1, 84 L.Ed. 110; 6A Collier on Bankruptcy PP 8.06, 8.07, at 22-32 (J. Moore ed. 1972).) We have earlier criticized In re Solar Mfg. Corp. (3d Cir. 1949) 176 F.2d 493. See In re Equity Funding Corp. of America (9th Cir. 1974) 492 F.2d 793; In re Wonderbowl, Inc. (9th Cir. 1970) 424 F.2d 178, 180. And we decline to follow it.
 
 
 4
 The court found that the estates were in danger of losing their assets and that the sales, lease, and compromises would benefit the estates of both corporations. The findings are amply supported by the record and are not clearly erroneous. The district court did not abuse its discretion in approving the Amended Compromise.
 
 
 5
 Fallon's claim that Jonas had a conflict of interest is frivolous.
 
 
 6
 Affirmed.