**In the Matter of Norris E. CANIPE and wife, Dorothy Gibson Canipe, Debtors.**

**Bankruptcy No. SH–B–81–0626.**

United States Bankruptcy Court,
W. D. North Carolina,
Shelby Division.

May 6, 1982.

O. Max Gardner, III, Shelby, N. C., for debtors.

J. Michael Booe, Charlotte, N. C., for Avco Mortg. and Acceptance Corp.

### ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

This cause coming on to be heard on April 02, 1982 before Marvin R. Wooten, United States Bankruptcy Judge, upon the objection to confirmation filed by J. Michael Booe, attorney for AVCO Mortgage and Acceptance Corporation (hereinafter called AVCO); and

### FINDING OF FACT

THIS COURT HAVING REVIEWED ALL MATTERS OF RECORDS, AND HAVING HEARD ARGUMENTS OF COUNSEL, MAKES THE FOLLOWING FINDINGS OF FACT:

1. This Chapter 13 proceeding was filed on December 18, 1981 by O. Max Gardner, III, attorney for debtors: the 341(a) meeting was held in Shelby, North Carolina on February 18, 1982; that prior to adjournment of the 341(a) meeting, Marcus Johnson, the Chapter 13 Standing Trustee announced that he would recommend to the Court that the Plan be confirmed; and no one objected to Confirmation at or before that time: On or about February 19, 1982, the aforesaid attorney for AVCO personally contacted said Chapter 13 Trustee and requested that said trustee withhold presentation of the Confirmation Order to the Court until AVCO could decide if it wished to object to Confirmation of the Plan: said trustee accordingly withheld said Confirmation Order.

2. AVCO filed an Objection to Confirmation on February 26, 1982 alleging that the debtors had obtained a loan from AVCO on or before August 07, 1981 and had given a Promissory Note in the sum of $7,517.19 and a second deed of trust on their homeplace to AVCO as security; and that the debtors had never made a payment on said obligation. AVCO's specific objection was that the Plan, which was filed in December of 1981, proposed to include as arrearages, all payments due AVCO through February, 1982. AVCO argued that section 1322(b)(5) of the Code does not provide for "post-petition arrearages" to be cured through installment payments. AVCO further argued that the allowance of post-petition arrearages would modify its rights as a holder of a claim secured only in real property that is the debtors' principal residence, which modification is prohibited by section 1322(b)(2).

3. In its Response to Objection to Confirmation, the debtors moved to dismiss the objection of AVCO upon grounds that AVCO had failed to comply with the Court's Local Rule requiring Objections to Confirmation be filed in writing prior to adjournment of the 341(a) meeting; debtors

further moved the Court for an award of costs and attorney's fees against AVCO.

4. Neither party contradicted the aforesaid facts. It appears that the total arrearage owed by the debtors to AVCO through February, 1982 was $585.00, and the Plan proposed to pay $16.00 per month, plus interest against the said arrearage amount. It further appears that debtors' entire schedule of debts are the first and second mortgage arrearages on their homeplace, and a third debt secured by an automobile. The Plan proposes to pay all claims in full.

## CONCLUSIONS OF LAW

THIS COURT, HAVING CONSIDERED THE FOREGOING FINDINGS OF FACTS, MAKES THE FOLLOWING CONCLUSIONS OF LAW:

1. AVCO's Objection to Confirmation should not be dismissed because of its untimely filing. The requirement that any Objection to Confirmation of a Plan be filed in writing prior to the adjournment of the 341(a) meeting is a rule adopted by this Court mainly for the purpose of expediting the proceeding and to put all parties attending the 341(a) meeting on notice that certain additional issues must be resolved by the Court, before the Plan may be confirmed. This Court will not ordinarily waive enforcement of its own rules except where justice requires and/or there appears to be excusable neglect on the part of the defaulting party. It is a well established principle that, for good cause, a Court may waive, set aside, or grant relief from its own rules and orders. The facts in this case reveal that the attorney for AVCO, who was not present at the 341(a) meeting, acted diligently in contacting the trustee, and advising said trustee of its intent to object to Confirmation, and did in fact follow up with a written Objection to Confirmation. The questions raised by AVCO are issues of first impression in this Court, and should be resolved at this time because of the numerous Chapter 13 cases which may be affected thereby. Finally, the record reveals that no party was unduly prejudiced by AVCO's delay. This Court, therefore concludes as a matter of law, that its said Local Rule should be waived and Debtors' Motion to Dismiss the Objection should be denied.

2. Section 1322(b)(5) of the Code does not expressly prohibit the inclusion of post-petition arrearages in the Plan. On the contrary, that section provides for the curing of "... any default ..." as part of the Chapter 13 Plan. This language certainly does not exclude arrearages which accrued after the filing, but before the 341(a) meeting.

Section 1323 of the Code expressly and affirmatively permits a debtor to modify his Plan "... at any time before confirmation..." and Plan as modified becomes "the Plan." Clearly, this provision gave the debtors the right to modify the Plan in February, 1982, to include the post-petition arrearages.

Section 1305 of the Code permits a creditor to file a proof of claim for a post-petition debt "... that is for property or services necessary for the debtor's performance under the plan."

Therefore, in order to read the provisions of sections 1323, 1322(b)(5), and section 1305(a)(2) consistently, this Court must conclude that section 1322(b)(5) allows the inclusion of post-petition arrearages, and it does so conclude.

3. The Plan does not modify the rights of AVCO in a manner prohibited by section 1322(b)(2) of the Code. That section does prohibit the modification of the rights of the holder of a secured claim, which claim is secured only by a security interest in the debtors' principal residence. However, the section which provides for the curing of defaults, i.e. section 1322(b)(5), begins with the language "notwithstanding paragraph (2) of this subsec-

tion . . ." This language makes it clear that the provisions of 1322(b)(5) shall prevail to the extent that it conflicts with the provisions of section 1322(b)(2), and this Court so concludes.

4. As a matter of good faith, it is the opinion of this Court that no debtor should propose to include any post-petition arrearages in his Plan absent unusual circumstances; for it seems that ordinarily, a debtor who is unable or unwilling to pay his regular mortgage payments after filing, but before the 341(a) meeting, will be unable or unwilling to make such payments after the Plan is confirmed. That is, of course, where the regular mortgage payments are to be paid directly by debtor or "outside the Plan" as the subject plan proposes to do. The issue of post-petition arrearages, however, was not raised by AVCO to impute the absence of good faith, and this Court, therefore, did not inquire into the reason that the debtors proposed to include the post-petition arrearages in the Plan pursuant to section 1322(b)(5) of the Code.

### ORDER

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED THAT:

1. AVCO's Objection to Confirmation be, and is hereby denied, with each party bearing it own costs and attorney fees.

2. The Plan herein be confirmed upon presentation of the appropriate Order by the Chapter 13 Trustee.