In the Matter of MESTA MACHINE COMPANY, Debtor.

MESTA MACHINE COMPANY, Plaintiff,

v.

MELLON BANK, N.A., as Agent for Mellon Bank, N.A., The Union National Bank of Pittsburgh, and Pittsburgh National Bank, The Commonwealth of Pennsylvania, The County of Allegheny, The City of Pittsburgh, The Borough of West Homestead, Steel Valley School District, The County of Lawrence, The City of New Castle, and New Castle School District, Defendants.

Bankruptcy No. 83–319.
Adv. No. 83–752.

United States Bankruptcy Court, W.D. Pennsylvania.

May 6, 1983.

Paul M. Singer, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court are objections to Debtor's complaint to sell certain of its assets free and clear of liens and encumbrances. In light of the numerous objections filed of record by various parties, the Court has reserved confirmation of the sale held on April 29, 1983 pending resolution of the legal issues presented herein.

The facts are as follows. Debtor is the owner and operator of two heavy industrial manufacturing facilities located in Allegheny County and Lawrence County, Pennsylvania. On February 9, 1983 it filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On its schedules, Debtor listed assets in excess of $20,000,000.

On April 12, 1983 Debtor filed a complaint to sell certain of its assets free and clear of liens and encumbrances with the exception of 1983 real estate taxes, with all such liens attaching to the net proceeds of the sale. Attached to the complaint were certain agreements of sale entered into by Debtor on April 8, 1983 with CPC Plants Corporation and Continental Plants Corporation, hereinafter "Continental", which covered land, buildings and fixtures comprising Debtor's manufacturing facilities in West Homestead, Allegheny County, and New Castle, Lawrence County, Pennsylvania; and machinery, equipment, inventory, work in progress, files, and all other personal property associated therewith, with certain specified exceptions. The agreements of sale essentially provided for guaranteed minimum consideration of $8,500,000; $1,375,000 of which was payable at closing, and the remainder payable in installments over a three year period and secured by letters of credit.

At the hearing on the complaint to sell, competitive bidding was conducted. Park Corporation was the successful bidder, with an offer of $9,000,000 in cash payable at the time of closing. Presently before the Court are the confirmation of the sale to Park Corporation, and the objections thereto.

Prior to the commencement of the bidding, extensive testimony was offered by Putnam McDowell, Chairman and President of Mesta Machine; and Arnold Landesberg, consultant employed by Debtor for appraisal and financial counseling regarding disposition of Debtor's assets. On the basis of their testimony, the Court finds as follows. During the past three years, Debtor has sustained losses in excess of $40,000,000. In June of 1982, Debtor terminated its operations at the New Castle plant. Operations in the West Homestead plant have been severely reduced, and are presently limited to completion of work in progress.

The cost of carrying the two plants in their present inoperative condition is between $200,000 and $300,000 per month. Current utility bills for the plants exceed $60,000 per month; and yearly real estate taxes are approximately $700,000. No reduction in these figures is anticipated; and Debtor is unable to carry these costs beyond June 15, 1983.

Since June, 1982, Debtor has made strenuous efforts to sell the plants. The prospects of sale have been pursued with at least eight prospective purchasers. Since commencement of Debtor's efforts to secure a buyer in June of 1982, the value of

the assets subject to sale herein has deteriorated by 20%. If not sold in the near future, rapid deterioration of the assets will continue. In light of the testimony offered at the hearing, the Court finds that the original offer of Continental, as well as the successful bid of Park Corporation are fair and equitable.

Objections to the sale of the above assets have been filed by seven parties. Included therein are two municipal authorities and three groups of past and present employees. Additional objections have been filed by the Committee of Unsecured Creditors, as well as Mellon Bank as Agent for Mellon Bank, N.A., The Union National Bank of Pittsburgh, and Pittsburgh National Bank.

The latter objections have been withdrawn in a post-trial memorandum, wherein Mellon Bank as Agent avers that in view of the Park Corporation cash offer, it supports Debtor's request for confirmation of sale provided that the proceeds are paid to the Banks to reduce Debtor's indebtedness. Further, since competitive bidding was conducted at the hearing, the objection raised by the Committee for Unsecured Creditors has been resolved.

The remaining objections raised by various parties are summarized as follows. The County of Allegheny contends that the sale will inhibit the collection of current and future real estate taxes. It further argues that in light of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* — U.S. —, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court lacks jurisdiction to conduct, approve or confirm the sale. Finally, the County argues that the proposed sale of assets prior to submission of a plan of reorganization is not justified by necessity or impending emergency.

The Borough of West Homestead similarly avers that absent an emergency, the sale of assets prior to formulation of a plan is impermissible. The Borough also objects to the adequacy of sale price, and reduction in employment and tax revenues which will result from the sale.

In the objections filed by Robert Lawry, *et al.* on behalf of numerous past and present employees, objectors argue that the sale should not be conducted prior to the Court's appointment of an employees' creditors' committee. Objectors further aver that on the basis of *In re Solar Manufacturing Corp.,* 176 F.2d 493 (3rd Cir.1949), Debtor can bring a complaint to sell prior to formulation of a plan only upon a showing of an emergency where there is imminent danger that loss will result if prompt action is not taken.

The objections of Pat McMahon, *et al.* filed on behalf of various hourly employees state that under § 363(b) of the Bankruptcy Code, a sale of assets prior to formulation of a plan is impermissible. Objectors also raise the jurisdictional issue.

Finally, a former employee objects to the sale unless sale proceeds are garnisheed by the Court to pay Blue Cross and Blue Shield bills for laid-off and retired employees accruing to Mesta Machine since January 1, 1983.

The Court wishes to address the issues of jurisdiction, and the permissibility of sale of assets prior to submission of a plan of reorganization. Those remaining objections which were not withdrawn at the hearing on this matter are presently dismissed.

The Fifth and Eighth Circuit Courts of Appeals have recently upheld the constitutionality of the interim rule which is designated in this district as the "Emergency Resolution" by Order of December 27, 1982. *In re Braniff Airways Inc.,* 700 F.2d 214 (5th Cir.1983); *Matter of Orville E. Hansen,* 702 F.2d 728 (8th Cir.1983). Further, the Sixth Circuit has recently held that the interim rule does not violate federal or constitutional principles, nor does it conflict with the Supreme Court's ruling in *Northern Pipeline. White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983). Based upon the foregoing, the Court is satisfied that it has jurisdiction to conduct and confirm the sale of assets herein.

The remaining issue raised by various parties concerns the sale of Chapter 11 assets prior to submission of a plan of reorganization. Objectors argue that such a sale is impermissible absent an emergency, for Debtor is bound by the pre-Code Third Circuit decision of *In re Solar Manufacturing Corp., supra.* Therein, it was held that "sales under Court order not in pursuance of a reorganization plan are to be confined to emergencies where there is imminent danger that the assets of the ailing business will be lost if prompt action is not taken." (p. 494).

In response thereto, Debtor argues that the standard announced in *In re Solar Manufacturing Corp., supra,* has been expressly rejected in other circuits; *In re Dania Corp.,* 400 F.2d 833 (5th Cir.1968) *cert. denied,* 393 U.S. 1118, 89 S.Ct. 994, 22 L.Ed.2d 122 (1969); *In re Huntington Ltd.,* 654 F.2d 578 (9th Cir.1981), and is no longer good law in light of § 363(b) of the Bankruptcy Code. Section 363(b) provides as follows:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

■ Numerous bankruptcy court decisions thereunder have authorized the sale of Chapter 11 assets prior to the formulation and confirmation of a plan of reorganization. *In re WHET, Inc.,* 12 B.R. 743, 8 B.C.D. 379 (Bkrtcy.D.Mass.1981); *In re Boogaart of Florida, Inc.,* 17 B.R. 480, 5 C.B.C.2d 1441, (Bkrtcy.S.D.Fla.1981); *In re Coastal Cable T.V. Inc.,* 24 B.R. 609 (Bkrtcy. App. 1st Cir.1982). However, it is not necessary for the Court to consider this issue in resolution of the objections at bar. Nor must the Court decide whether the holding in *In Re Solar Manufacturing Corp. supra,* has been overruled by the provisions of the Bankruptcy Code. After careful consideration of the testimony offered at the hearing on the complaint to sell, the Court is satisfied that the sale at bar falls within the narrow exception set forth in *In Re Solar Manufacturing Corp.,* for there is presently an emergency where there is imminent danger that the assets will be lost if the sale is not promptly confirmed. Accordingly, those objections which raise the issue of sale of assets prior to the submission of a plan are dismissed.

■ In the post-trial brief in opposition to the confirmation of the sale submitted on behalf of certain hourly employees, an additional objection is raised. Objectors aver that the sale was not advertised in accordance with Local Rule 7 of the United States Bankruptcy Court for the Western District of Pennsylvania, which requires publication of notice of sale in the Pittsburgh Legal Journal. While the Court does not encourage disregard of its local rules, it has a large measure of discretion in their application. *Lance v. Dewco Services, Inc.,* 422 F.2d 778 (9th Cir.1970). Further, it is a well settled principle that a Court may waive its own local rules for good cause. *Matter of Canipe,* 20 B.R. 81, 6 C.B.C.2d 764, (Bkrtcy.N.D.N.1982). In the case at bar, the Court is satisfied that there was widespread knowledge of the sale and vigorous attempts to secure a purchaser. The benefit from the sale far outweighs the prejudice caused by Debtor's technical noncompliance with local notice requirements. Accordingly, the objection raising Debtor's noncompliance with Local Rule 7 is dismissed.

Based upon the foregoing, the Court confirms the sale of Debtor's assets herein to Park Corporation, the successful bidder at the April 29, 1983 hearing on this matter.