### In re BROWN'S INDUSTRIAL UNIFORMS, Debtor.

**Sanford J. BROWN and Gloria Lynn Brown, Appellants,**

v.

**BROWN'S INDUSTRIAL UNIFORMS, INC., Appellee.**

Bankruptcy No. 83 B 9077.

No. 85 C 1114.

United States District Court, N.D. Illinois, E.D.

Dec. 6, 1985.

Leon Zelechowski, Robert Blecher, Chicago, Ill., for appellants.

Robert R. Benjamin, Ltd. Chicago, Ill., for appellee.

## MEMORANDUM

LEIGHTON, District Judge.

Sanford J. Brown and Gloria Lynn Brown (the "Browns") appeal from the confirmation of a plan of reorganization entered by the bankruptcy court. They had organized Brown's Industrial Uniforms in 1965 and owned all its capital stock until 1978 when Allen D. Farkas and Eleanor Farkas ("Farkas") acquired a 50 percent interest in the corporation. In 1982, the Browns sold their remaining shares to Brown's Industrial Uniforms, Inc., and entered into an installment agreement for a warranty deed with Farkas whereby Farkas would purchase the property owned by the Browns, out of which Brown's Industrial Uniforms operated. Under the agreement, Farkas pledged the issued and outstanding capital stock of Brown's Industrial Uniforms as security for his performance and the shares were deposited into an escrow account. On May 19, 1983, the Browns declared Farkas in default under the agreement, and filed suit in the Circuit Court of Cook County. On February 19, 1985, a judgment was entered in these proceedings holding that no forfeiture had occurred as a result of Farkas' default on the installment contract. On August 13 and October 4, 1985, two more orders were entered in the Circuit Court of Cook County that set off the amount Farkas owed under the installment contract against a $1,500,000 judgment entered in favor of Farkas and against the Browns in a libel action pending in that court.

Meanwhile, on July 22, 1983, Brown's Industrial Uniforms, Inc. (the "debtor-in-possession") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101 *et seq.* Farkas remained as president and chief operating officer of the debtor. The Browns filed a claim for administrative expenses, but this claim was denied by the bankruptcy court. When the debtor-in-possession required additional working capital, Farkas put up his personal assets as security in order to procure financing. The bankruptcy court then determined Farkas would be entitled to receive common stock issued under any plan of reorganization as compensation for providing the security. On December 10, 1984, the bankruptcy court confirmed the plan of reorganization.

The Browns contend the bankruptcy court should not have confirmed the plan of reorganization until the ownership of the stock held as security for Farkas' performance on the warranty deed had been determined. Additionally, they contend the plan improperly failed to require the infusion of new capital by Farkas in return for the issuance of new securities. Finally, they argue the debtor failed to establish that the plan treats all parties fairly because a redemption value of $.01 was assigned to the original stock, and Farkas was granted stock at no cost in exchange for the security he pledged on the loan.

The debtor-in-possession, on the other hand, argues that the state court proceedings concerning Farkas' default under the warranty deed are irrelevant because the pre-petition stock involved in the dispute is worthless as the stock of an insolvent debtor. As to the infusion of new capital, it argues that the test is whether the equity holder has contributed additional considera-

tion, and Farkas did so by providing security out of his personal assets. Finally, it insists the plan is fair, equitable and feasible, and was proposed in good faith.

■ In reviewing the decision of the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous; any legal determinations can be reversed if they are contrary to law. *See e.g. Bank Hapoalim B.M. Chicago Branch v. E.L.I. Ltd.*, 42 B.R. 376, 378 (N.D.Ill.1984). In reviewing the record submitted on appeal, the court concludes the findings of the bankruptcy court were not clearly erroneous, nor were its conclusions contrary to law. The bankruptcy court considered the issue of the dispute in stock ownership due to the default proceedings in state court twice prior to its confirmation of the plan. Contrary to the Browns' assertions, an unresolved conflict over stock ownership is not necessarily a controlling issue in bankruptcy proceedings. *Compare In re Coastal Cable TV Inc.*, 709 F.2d 762 (1st Cir.1983) *with In re Equity Funding Corp. of America*, 492 F.2d 793 (9th Cir.), *cert. denied sub nom. Herman Investment Co. v. Loeffler*, 419 U.S. 964, 95 S.Ct. 224, 42 L.Ed.2d 178 (1974). As to Farkas' participation, under certain circumstances stockholders can participate in a plan of reorganization but only if they make a fresh contribution of money or money's worth. *Case v. Los Angeles Lumber Co.*, 308 U.S. 106, 122, 60 S.Ct. 1, 10, 84 L.Ed.2d 110 (1939). Whether this requirement is satisfied is a question of fact which this court cannot disturb unless it is clearly erroneous. *See Matter of King Resources Co.*, 651 F.2d 1326, 1339 (10th Cir.1980). On the basis of the record before it, the court cannot conclude that the finding that Farkas' pledge of security for a loan to the debtor constituted a fresh contribution was clearly erroneous. Accordingly, the decision of the bankruptcy court to confirm the plan of reorganization is affirmed.

So ordered.