597 F.2d 11
 5 Bankr.Ct.Dec. 156, Bankr. L. Rep. P 67,240
 In re MUSCONGUS BAY COMPANY, d/b/a Muscongus Bay Wood
Products, Muscongus Associates, Inc., and
Northeast Industry, Inc., Bankrupt.
Appeal of Anthony ABBOTONI.
 No. 79-1039.
 United States Court of Appeals,
First Circuit.
 Argued April 5, 1979.
Decided April 30, 1979.
 
 Gordon F. Grimes, Portland, Me., with whom Richard E. Poulos and Bernstein, Shur, Sawyer & Nelson, Portland, Me., were on brief, for appellant.
 George J. Marcus, Portland, Me., with whom Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., was on brief, for appellee.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 LEVIN H. CAMPBELL, Circuit Judge.
 
 
 1
 In the bankruptcy sale that generated this appeal, the bankruptcy court refused to confirm Mr. Abbotoni's bid of $23,333, which was both the only and the highest timely bid at public auction. Instead it extended the bidding period upon receiving a late offer from Mr. Winchenback for $26,200. The court subsequently confirmed sale to Mr. Winchenback for $28,350, which was the highest bid submitted during the bidding extension. Mr. Abbotoni appealed, and the district court affirmed. After careful consideration of the arguments made on this appeal, we affirm the decision below for essentially the reasons set forth by the district court in its thoughtful analysis. While the case is perhaps close, we agree that the bankruptcy court acted within the scope of its broad discretion in extending the period for filing sealed bids and in confirming the sale to Mr. Winchenback for $28,350.
 
 
 2
 We add only a few observations. The policy favoring confirmation of a bankruptcy sale to the highest bidder at a fairly conducted public auction gives way to the goal of benefitting the bankrupt estate and its creditors when the sale price would be "grossly inadequate." Munro Drydock, Inc. v. M/V Heron, 585 F.2d 13, 14-15 (1st Cir. 1978).
 
 
 3
 "(G)ross inadequacy is said to exist when apart from situations involving fraud or unfairness, which is not the case here there is a substantial disparity between the highest bid and the appraised or fair market value, and 'there is a reasonable degree of probability that a substantially better price will be obtained by a resale . . . .' 4B Collier on Bankruptcy P 70.98(17) at 1192 (14th ed. 1978); Reid v. King, 157 F.2d 868, 870-71 (4th Cir. 1946)."
 
 
 4
 Id. at 15. Here, the bankruptcy court was entitled to find, as it did, that a substantial disparity existed between Mr. Abbotoni's $23,333 bid and the fair market value of the property. It is true that the $38,500 appraisal upon which the bankruptcy court relied was not made by an appraiser appointed by the court pursuant to 11 U.S.C. § 110(f) and Fed.R.Bankr.P. 606(a), but instead by an appraiser secured by the Small Business Administration the sole interested creditor. But there was no objection to the introduction of that appraised value, and appellant despite opportunity presented no evidence that the appraisal was incorrect. That appraisal was the sole evidence in the record of the property's fair market value, and the bankruptcy court was by virtue of its familiarity with the property and the surrounding circumstances in a good position to evaluate its reasonableness.
 
 
 5
 Similarly, we cannot say the bankruptcy court abused its discretion in concluding that a substantially better price probably would be obtained by a resale. While Mr. Winchenback's initial bid of $26,200 may not have represented an extraordinary increase over Mr. Abbotoni's timely bid of $23,333, Compare Munro Drydock, Inc. v. M/V Heron, 585 F.2d 13, it was 12.3% Higher and thus within the range of what traditionally has been considered a possible "upset" bid, See 4B Collier on Bankruptcy P 70.98(17), at 1191 (14th ed. 1978). That Mr. Abbotoni's bid was the only timely bid and therefore had prevailed as much by default as through a truly competitive bidding process is a further factor favoring the bankruptcy court's decision. In addition, the bankruptcy court did not merely accept Mr. Winchenback's upset bid and foreclose Mr. Abbotoni from obtaining the property, a procedure which, had it occurred, we would have questioned. Rather, the court afforded a period during which higher bids could be filed. Mr. Abbotoni thus had an opportunity to prevail in the end, and in fact submitted a bid higher than the upset bid, only to be outbid once more by Mr. Winchenback. It is not an inappropriate use of hindsight to note, moreover, that the bankrupt estate gained a 21.5% Price increase by the extension of the bidding period.
 
 
 6
 As stressed in In re Gil-Bern Industries, Inc., 526 F.2d 627, 628-29 (1st Cir. 1975), we would not approve of a bankruptcy court's refusal to confirm a sale lightly, "merely to gain a few extra dollars in one case," because of the important policy concern "that nothing impair public confidence in the regularity of judicial sales." At the same time, we recognize that there are certain circumstances in which the best interests of the estate and creditors may warrant a bankruptcy court's refusal to confirm. The bankruptcy court must be accorded sufficient discretion to decide the truly close cases as best it can in view of these competing considerations.
 
 
 7
 Affirmed.