In the Matter of CIRCUS TIME, INC., Debtor.

CIRCUS TIME, INC., Plaintiff,

v.

OXFORD BANK AND TRUST, U. S. Small Business Administration, Grumman Credit Corporation, Kennebunk Leasing Corporation, the Ocean National Bank, Atlantic Federal Savings & Loan Association, Oneida Packaging Products, Inc., Equico Lessors, Inc., Olivetti Leasing Corporation, Internal Revenue Service, City of South Portland, State of Maine, U. S. Trustee, Krisway Truck Leasing, Defendants.

Bankruptcy No. 279-00687.

Adv. No. 279-0002.

United States Bankruptcy Court, D. Maine.

Dec. 24, 1979.

Gregory A. Tselikis, and Charles Miller, Portland, Me., for creditors' committee.

Richard E. Poulos, and Robert C. Robinson, Portland, Me., for debtor.

## MEMORANDUM OF DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding was commenced by the complaint of the Debtor-in-Possession, Circus Time, Inc. for authority to sell all of its tangible and intangible assets free and clear of any interest in such property pursuant to 11 U.S.C. § 363(f).

The Debtor's complaint was filed on December 4, 1979 together with a motion to shorten the time in which to answer to December 12, 1979. Said motion was granted.

A summons with notice of trial was issued on December 5, 1979. Trial was scheduled for December 13, 1979 at 10:00 o'clock in the forenoon.

Proof of service on each named Defendant has been filed with the Clerk of this Court.

Notice of the hearing on the complaint to sell was given to all creditors pursuant to local Bankruptcy Rule 2002(b)(2) and in accordance with 11 U.S.C. § 363(b).

A hearing on the Debtor's complaint to sell was conducted on December 13, 1979 as scheduled and was continued to December 20, 1979 at 11:00 o'clock in the forenoon in order to permit the Defendants and creditors more time to consider the proposed sale.

Responsive pleadings have been filed by all Defendants except Oneida Packaging Products, Inc., Internal Revenue Service, State of Maine and the U.S. Trustee. All of the named Defendants except those named in this paragraph were represented by counsel at the December 20th hearings.

Gregory A. Tselikis, Esquire and Charles Miller, Esquire were present representing the Creditors' Committee. Richard E. Poulos, Esquire and Robert C. Robinson, Esquire represented the Debtor.

The facts, as found by the Court, are based upon evidence presented at the hearings conducted on December 13, 1979 and December 20, 1979.

The Debtor is engaged in the manufacture and sale of potato chips and popcorn products. Its products are distributed throughout Maine, New Hampshire, Vermont and part of Massachusetts. It also distributes related products purchased from others. It employs about 70 persons, half of whom work at the plant in South Portland and the other half on the road.

The company has experienced a serious cash-flow problem over the past several years. It owns assets, as reflected on its balance sheet, as of October 27, 1979 to the value of $1,081,939.00.

The Debtor has received an offer from General Mills, Inc. to purchase all of its assets, both tangible and intangible, including all of its distribution routes for the total price of $1,190,000.00.

From the evidence it is clear that $1,190,000.00 is a fair and reasonable price for the Debtor's assets, and in view of the difficulties experienced by the Debtor over the past several years, is the best possible offer obtainable.

It is imperative that the sale to General Mills, Inc. be consummated as quickly as possible as there is a very real danger that unless the sale is consummated within the next few weeks the offer may be withdrawn.

The Debtor's cash-flow problem is so serious that it will be unable to continue the business as a going concern for more than a few more weeks and there is a clear and present danger that a loss of two or three of the Debtor's largest customers to its competitors would be disastrous to the Debtor and its creditors and in addition, would jeopardize the proposed sale to General Mills.

The entities holding major secured claims are the Small Business Administration (SBA) and Oxford Bank and Trust, a Maine Banking Corporation. Each has filed a proof of claim in the following amounts:

SBA $481,254.11
OXFORD 329,164.00

SBA claims an interest in the Debtor's real estate, inventory, equipment, machinery, furniture, fixtures, accounts receivable, notes, drafts, cash, deposits and other property, including eight vehicles.

Oxford claims an interest in the Debtor's real estate, inventory, proceeds, a Certificate of Deposit in the amount of $20,000 and other property.

Due to the urgency of the need to act on the Debtor's complaint to sell free and clear, it is impossible to act on the allowance of the Oxford Bank and SBA's claims before the sale. However, it appears that the price at which the Debtor's property is to be sold is greater than the aggregate value of the interest of Oxford and SBA in the property. Furthermore, there is a bona fide dispute as to the interest of these entities in the property to be sold. Counsel for the Creditors' Committee is urging a valuation different from that urged by Oxford and SBA.

Several of the other Defendants claim to be owners of certain equipment and machinery under lease to the Debtor. The Debtor and the Creditors' Committee have raised a bona fide dispute as to the status of these entities and their interest in the property. See UCC § 1–201(37). It also appears that the prices to be received for property in which these entities have an interest is greater than the aggregate value of their interest. These Defendants are listed below:

Grumman Credit Corporation

Equico Lessors, Inc.

Olivetti Leasing Corporation

Kennebunk Leasing Corporation

  (now Mariner Leasing)

Three Defendants, Ocean National Bank, Atlantic Federal Savings & Loan Association and the City of South Portland have consented to the sale.

Defendants, Oneida Packaging Products, Inc., State of Maine, Internal Revenue Service and the U.S. Trustee are deemed to have consented to the sale by their failure to plead or appear.

Six vehicles leased by the Debtor from Kennebunk Leasing Corporation (Mariner Leasing Corp.) are conceded by the Debtor to be subject to true leases and these vehicles will be excluded from the sale:

  i.  1979 Fairmont wagon, Lease No. C–54

  ii.  1979 Fairmont wagon, Lease No. C–55

  iii.  1979 Lincoln two-door, Lease No. C–35A

  iv.  1979 Ford E–100, Lease No. T–40

  v.  1976 Torino wagon, Lease No. C–39

  vi.  1976 F–350 Cab and Chasis, Lease No. T–26

Two other vehicles leased by the Debtor from Krisway Truck Leasing are conceded by the Debtor to be subject to true leases and these vehicles will be excluded from the sale:

  i.  1977 Kenworth tractor, Chasis No. 156851J

  ii.  1977 Kenworth tractor, Chasis No. 156850J

### DISCUSSION

11 U.S.C. § 363(b) provides that:

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

Section 363(e) provides, as pertinent:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property . . . proposed to be used, sold or leased, by the trustee, the court shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

Section 363(f) provides:

The trustee may sell property under subdivision (b) or (c) of this section free and clear of any interest in such property of

an entity other than the estate, only if—. . .

(2) such entity consents:

(3) such interest is a lien and the price of which such property is to be sold is greater than the aggregate value of such interest;

(4) such interest is in bona fide dispute;

. . . .

The power of the Bankruptcy Court to sell property free and clear of liens has long been recognized. *VanHuffel v. Harkelrode*, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931). Section 363(f) now permits a sale under subsection (b) or (c) free and clear of an interest under a number of circumstances, two of which are present in this case. First, it appears that the price at which the property is to be sold is greater than the aggregate value of the Defendants' interest in the property. § 363(f)(3). In addition, bona fide disputes exist as to Defendants' interest in the property. § 363(f)(4). Section 363(f) permits a sale free and clear of any interest if any one of the conditions of § 363(f) have been met. *Collier on Bankruptcy*, 15th ed. ¶ 363.07.

Before a sale of property free and clear of any interest in such property adequate protection for the interest of an entity in such property must be provided for. § 363(e). Adequate protection in this case is provided by having any valid interest attached to the proceeds of the sale. *See* Collier, *supra*, ¶ 363.07 and also, Legislative History, House Report No. 95–595, p. 345 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.

An order will be entered today authorizing a sale of all of the Debtor's assets, except those excluded above, free and clear of any interest in such property of any entity other than the estate, with any such interest to attach to the proceeds of the sale. Such interests to be determined by this Court at a later date after notice and hearing.