**In re WFDR, INC., Debtor.**

**Bankruptcy No. 80–00136N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

March 16, 1981.

Margaret H. Murphy, Joel B. Piassick, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for debtor.

Robert M. Finlayson, II, Phillips, Hart & Mozley, Atlanta, Ga., for Jack Whitehorn, objecting creditor.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On January 30, 1981, the above-referenced debtor filed an application to sell real and personal property in accordance with one of two offers, depending upon which offer was found to be in the best interest of the estate by the Court. One offer submitted by Arthur Angell was for a cash purchase price of $500,000.00. The second offer was submitted by Brunson Communications, Inc. for a purchase price of $525,-000.00 cash. On February 11, 1981, Jack Whitehorn, as a creditor of WFDR, Inc. and as a claimant that he is the sole and rightful owner of all the shares of stock of the debtor in possession, filed an objection to this application to sell. A hearing to determine whether or not to approve the sale of assets was held, and at that hearing an offer of $790,000.00 was submitted. That offer is currently the highest and best offer before the Court. At the time of that

hearing, Jack Whitehorn reaffirmed his objection, additional hearings were held on his objection, and the matter was taken under advisement.

The objection of Jack Whitehorn is based on several grounds. The first ground for objection is that the proposed sale and the method under which it is proposed to be accomplished are not appropriate and proper for a debtor in possession in the Bankruptcy Court. The second objection is based on the allegation that the sale is for a totally inadequate and insufficient value. The third ground for objection is that the proposed sale eliminates any equity in the corporation, thus working an extraordinary inequity on the shareholders. The objection is also based upon mismanagement by the present management and the argument that the purported present management lacks authority to act on behalf of the corporation. The final ground for objection is that the proposed sale violates the rules and regulations of the Federal Communications Commission.

The evidence introduced by the parties at these hearings indicates to the Court that the objection of Jack Whitehorn should be overruled and the offer of $790,000.00 submitted by the Lake George Corporation should be accepted.

■ The first objection raised by Jack Whitehorn to the sale is based on the ground that the proposed sale and the method of sale are inappropriate for a debtor in possession. The Court finds this not to be the case. First, there is no prohibition against a liquidating Chapter 11 reorganization. 11 U.S.C. § 1123(b)(4). Moreover, there is clear authority allowing the sale of property of the estate other than in the ordinary course of business. 11 U.S.C. § 363(b).

Second, the debtor in possession in this case solicited offers for the sale of the assets of the debtor in possession by word of mouth. The evidence indicates that in the radio industry there appears to be some conflict concerning the best way to market a radio station. One group of witnesses indicated that a radio station should be marketed with some type of advertising campaign through a broker. The other viewpoint, propounded by the witnesses for the debtor in possession, holds that the members of the radio industry compose a very closely-knit trade group and that word-of-mouth marketing constitutes an appropriate means whereby to sell this radio station. The debtor in possession opted for the latter method of soliciting bids for this radio station.

A point was made that it is better for advertising sales if the station does not publicize the fact that it is for sale. However, it was also noted that this would not hold true for a radio station which was in a Chapter 11 proceeding because the customers and advertisers of the radio station would already have some idea that the station was not on the firmest financial footing. While this would indicate that it might be more appropriate to market a radio station which is in a Chapter 11 reorganization proceeding through a broker in order to obtain a wider potential market and a higher price, it is not conclusive. The Court finds the telling argument to be raised by the fact that the proceeding has been pending several weeks with the bid of Lake George Corporation before the Court, and yet no broker has brought forth a better bid during this time period. Therefore, the Court finds that both the proposed sale and the method used to achieve this proposed sale are appropriate for this Chapter 11 debtor.

■ The second argument of Jack Whitehorn in opposition to the confirmation of this sale is that the sale is for inadequate value. At the time that the objection was filed, the high bid for the assets of the debtor in possession was $525,000.00. The current high bid for the assets of the radio station is $790,000.00. It is obvious that the circumstances have diluted the import of Mr. Whitehorn's second argument. The evidence introduced at the hearing indicated that the value of this radio station is somewhere between $500,000.00 and $1.2 million, the first figure being the low bid submitted for consideration by this Court, and the second figure representing an offer made by Mr. Reagan Henry prior to the filing of this Chapter 11 case.

While the $1.2 million figure appears to represent an amount at the high end of the range of value that a qualified purchaser might be willing to pay for the assets of the debtor, the transaction was not consummated for that amount. One of the reasons that the transaction was not consummated appears to be the difficulty, if not impossibility, of penetrating the Atlanta advertising sales market. The evidence before the Court indicates that if adequate funds were available to raise the height of the broadcasting tower, advertising might be sold in the southwest suburban fringe of Atlanta. However, because of FCC restrictions and the likelihood of diminishing returns upon the investment required to increase the tower height, the value of the assets of the debtor in possession is substantially limited by the inability of the station to broadcast a city grade signal into the city of Atlanta. In light of this finding, it appears clear to the Court that it is unlikely that any type of marketing effort could produce and consummate a sale at a price in the high range of the value for this station. Therefore, the Court finds that the sales price of $790,000.00 offered by the Lake George Corporation is the best sales price which could be obtained for these assets and overrules the objection of Jack Whitehorn to the extent that it is based upon inadequacy of value.

Mr. Whitehorn's third objection was, at the time the objection was filed, that the sale eliminated any equity interest and, therefore, worked an undue hardship on the shareholders. While that objection may have had some merit had the sale been consummated for a price of $500,000.00, the current bid price is $790,000.00. Even after payment of all debts and administrative expenses, there would be a considerable amount of equity available for shareholders. Therefore, this objection must also be overruled.

The fourth objection concerns mismanagement by the present management and the purported lack of authority of the current management to act on behalf of the corporation. Without either praising or disparaging the current management, the Court finds no mismanagement so flagrant as to create a bar to the proposed sale. The Court also finds that the current management has acted within its authority in commencing these proceedings and pursuing this sale. The current president and director of the corporation, Mr. Garstin, was elected by the exercise of a proxy valid on its face. Moreover, the corporate Minute Book indicates the authority of the current management of the debtor in possession to file this Chapter 11 case. Therefore, these objections must also be overruled.

The final objection to the sale is based on the premise that the sale violates the rules and regulations of the FCC. While the decision as to whether or not the sale does violate the rules of that body is not for this Court, the Court notes that this sale is made subject to and contingent upon FCC approval of the transfer of the licenses for WFDR, Inc. to the Lake George Corporation. Both the debtor in possession and the prospective purchaser have indicated that neither of them is concerned about the possibility that the FCC will reject the Lake George Corporation as transferee for the licenses. The Court does not find this to be a substantial ground for an objection and therefore overrules this final objection.

The Court presently has exclusive jurisdiction over all property of WFDR, Inc., debtor in possession, and will retain jurisdiction to enforce the sale · authorized by this Order, and to protect the transaction from interference or attack in proceedings other than before this Court or on appeal from this Order. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that all parties before this Court and who have appeared in this proceeding are permanently restrained and enjoined from instituting any suit or proceeding before any court or administrative agency other than in this Court and in proceedings on appeal from this Order seeking to restrain or enjoin the closing of this sale authorized hereby, to set said sale aside, to recover any assets sold pursuant to this Order from the purchaser or the purchaser successors or assigns, or to in any way threaten, inhibit or restrict the purchaser's lawful use of the assets sold pursuant to this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the Court shall retain jurisdiction to modify this Order, to restrict or expand its scope or coverage as the case may be, upon proper application, and to enforce this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the debtor and the purchaser close the transaction within a reasonable time hereafter upon satisfaction of the condition that the Federal Communications Commission approve the transfer of control of the radio station to the purchaser, or a waiver of such condition by the purchaser; but the parties may, in the meantime, restructure the transaction as a stock acquisition or merger, as the debtor and the purchaser may deem to be desirable, but with the end result that the debtor in possession shall receive and hold for the benefit of creditors and shareholders the full purchase price.

IT IS FURTHER ORDERED AND ADJUDGED that the assets which are sold shall no longer be subject to the claims of creditors and shareholders of WFDR, Inc.

IT IS SO ORDERED.