In re COASTAL CABLE T.V., INC., Debtor.

Gerald CONNELL, et al., Appellants,

v.

COASTAL CABLE T.V., INC., Appellee.

Bankruptcy No. 82–9023.

United States Bankruptcy Appellate Panel for the First Circuit.

Nov. 22, 1982.

**610**

Michael P. DeFanti, Hinckley & Allen, Providence, R.I., for appellants.

Richard S. Mittleman, Peter G. Berman, Zietz, Mittleman & Webster, Providence, R.I., for appellee.

Before LAWLESS, C.J., and LAVIEN and GLENNON, JJ.

## OPINION

LAWLESS, Chief Judge.

This appeal is taken from the bankruptcy court's order authorizing a sale of all of the assets of the Debtor in Possession.

Coastal Cable T.V. Inc., ("Coastal") was formed in 1972 for the purpose of constructing and operating cable television systems in the state of Rhode Island. Coastal is presently operating its business as a Debtor in Possession under Chapter 11 of the Bankruptcy Code 11 U.S.C. § 1101 *et seq.* ("Code"). Appellants are six individuals and a corporation who assert ownership interests in the stock of Coastal.

Appellants allege that, sometime during 1972, they entered into an agreement under the terms of which they were to receive the stock of Coastal as consideration for pledging to contribute or immediately contributing equity capital to the corporation or rendering services to the corporation. Appellants contend that their attorney, Paul E. Burke, issued all authorized shares of Coastal stock to himself for minimal consideration. Appellants maintain that Burke

then transferred a substantial portion of those shares to one George Sisson. Appellants brought an action to restrain this sale in Rhode Island Superior Court. Apparently, the sale was consummated and Sisson, in turn, transferred the stock to Berkshire Cable Television, Co. ("Berkshire"). On June 22, 1981, Berkshire filed an involuntary petition under Chapter 11 of the Code against Coastal. On July 1, 1981, Coastal filed a voluntary petition under Chapter 11. The schedules filed with Coastal's petition reveal that the company's sole asset is its franchise rights to operate a cable television system in a geographical area encompassing several towns in southern Rhode Island ("area 7").[1]

In March of 1980, the Rhode Island Public Utilities Commission ("Commission") became aware of the dispute regarding the ownership of the Coastal stock. In November of 1981, the Commission began soliciting new applications to provide cable television service to area 7. Coastal filed a complaint in the bankruptcy court seeking to enjoin the Commission's proceedings. On February 5, 1982, the bankruptcy court denied Coastal's request for an injunction. The bankruptcy judge reasoned that although the award of a second franchise might impact unfavorably upon profits, such an award did not constitute a violation of the automatic stay imposed by § 362 of the Code.

In September of 1981, Appellants commenced an adversary proceeding in the bankruptcy court to determine ownership of the Coastal shares. In March of 1982, a trial was held on the issue of ownership. Appellants state that the trial was never completed because the parties agreed to a settlement. Appellants further state that as a result of a disagreement between the parties after the trial was terminated, the settlement agreement was never executed and the ownership issue was left unresolved.

---

1. The franchise was awarded to Coastal on November 15, 1974 by the Rhode Island Public Utilities Commission. The award to Coastal

was appealed through the Rhode Island state courts and affirmed by the Rhode Island Supreme Court on October 29, 1979.

In June of 1982, the Debtor in Possession filed a notice of intended sale to sell the franchise rights to Rollins CableVue, Inc. for a purchase price of $3,000,000.00. The notice also contained a solicitation of counteroffers. A counteroffer in excess of the original offer was submitted by Tele-Communications, Inc. ("TCI"). Coastal then filed an amended notice of intended sale to TCI. Coastal also filed a plan of reorganization that proposed a sale of its franchise rights to TCI. Appellants objected to the proposed sale. After a hearing on Appellants' objection, the bankruptcy judge entered an order authorizing the sale. Appellants sought a stay of the sale pending appeal. Their motions for stay were first denied by the bankruptcy judge and were later denied by this panel.

Appellants essentially rely upon the following arguments: (1) that the bankruptcy judge abused his discretion by authorizing a sale of the debtor's only asset before he had determined who owned that asset; and (2) that the bankruptcy judge erred by not insuring that Appellants' interests were adequately protected.

■ Appellants' contention that a determination of stock ownership should have preceded authorization of the sale is without merit. Appellants' argument ignores the distinction between ownership of corporate stock and ownership and control of corporate assets. The compliance certificate was awarded to Coastal, the corporate entity. It was not awarded to Coastal's shareholders. Upon commencement of the Chapter 11 proceedings, the franchise rights became property of the estate under § 541 of the Code. *In re Varisco,* 16 B.R. 634 (Bkrtcy.M.D.Fla.1981); *In re Dan Hixon Chevrolet, Co.,* 12 B.R. 917 (Bkrtcy.N.D.Tex. 1981). Section 1107(a) of the Code confers upon the debtor in possession all of the rights, powers and duties of a trustee. This includes the right to sell property of the estate in accordance with § 363(b). Property which may be sold by a representative of the estate includes franchise rights. See *In re Paddock of California,* 226 F.Supp. 43 (S.D.Cal.1964). Pursuant to § 363(b) a

trustee or debtor in possession may separate a debtor from its original stockholders by liquidating the assets of the estate and then distributing the proceeds in accordance with a plan of reorganization. A sale of all or most of a debtor's assets may occur prior to confirmation of a plan. *In re Boogaart of Florida, Inc.,* 17 B.R. 480 (Bkrtcy.S.D.Fla. 1981); *In re WHET, Inc., infra; In re WFDR, Inc.,* 10 B.R. 109 (Bkrtcy.N.D.Ga. 1981); *see Matter of Circus Time, Inc.,* 5 B.R. 1 (Bkrtcy.D.Me.1979). In the present case, the debtor has filed a plan of reorganization that proposes a sale of the debtor's only asset. This is specifically permitted by § 1123(b)(4) of the Code.

■ Section 363(b) of the Code empowers the bankruptcy court, after notice and hearing, to authorize the sale of property of the estate other than in the ordinary course of business. This power falls within the sound discretion of the trial court. Absent an abuse of that discretion, we are not at liberty to substitute our judgment for that of the bankruptcy judge. *In re Muscongus Bay Co.,* 597 F.2d 11 (1st Cir.1979); *In re Equity Funding Corp. of America,* 492 F.2d 793 (9th Cir.1974); *In re Marathon Foundry and Machine Co.,* 228 F.2d 594 (7th Cir. 1955). In the instant case, the bankruptcy judge failed to enter any findings of fact. Nevertheless, after examining the entire record and considering the particular facts of this case, we find no evidence that the bankruptcy judge abused his discretion.

Authorization of the sale was clearly proper in view of the commencement of proceedings by the Commission to award new franchise rights in area 7. Competition with another franchise could result in a substantial reduction in the market value of Coastal's only asset. With the Debtor's economic future in such a precarious position, a sale of its franchise rights was undoubtedly in the best interest of the estate and its creditors. *See In re WHET, Inc.,* 12 B.R. 743 (Bkrtcy.D.Mass.1981). Under these circumstances, Appellants' unresolved claim of stock ownership is no impediment to the sale. *See In re Equity Funding Corp., supra.*

**612**

Appellants' assertion that the bankruptcy court erred by not providing adequate protection for their interests is misplaced. There is nothing in the record to indicate that the proceeds of the sale will be disposed of in a manner that is inconsistent with Appellants' rights.

Furthermore, adequate protection need only be provided as expressly required under §§ 362, 363 or 364 of the Code. *In re Garland,* 6 B.R. 456 (Bkrtcy. 1st Cir.1980). As a matter of policy and constitutional law, adequate protection is afforded only to secured claims and unsecured claims are not entitled to such protection. *Id; In re Dunckle Associates, Inc.,* 19 B.R. 481 (Bkrtcy.E.D.Pa.1982); *In re Barkley-Cupit Enterprises, Inc.,* 13 B.R. 86 (Bkrtcy.N.D. Ga.1981). The Appellants' interest, as alleged stockholders, is even less of an interest in the bankruptcy estate than that of the unsecured creditors. Clearly, it is not an interest that is entitled to adequate protection.

Accordingly, the order of the bankruptcy judge is affirmed.