In re CASH CURRENCY EXCHANGE, INC., an Illinois corporation, et al. Debtors.

Irwin LEVIN, Allan Leving, and Carrol-Kedzie Currency Exchange, Inc., an Illinois Corporation, Plaintiffs,

v.

KEDZIE-CARROL CURRENCY EXCHANGE, INC., an Illinois corporation, Donald Shine, Trustee, Michael Ryan and Ryan International, Defendants.

Bankruptcy Nos. 83 B 1933–1989, 83 A 987.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 7, 1985.

See also 762 F.2d 542.

Kroll & Rubin, Ltd., Chicago, Ill., for plaintiffs.

Gardner, Carton & Douglas, Chicago, Ill., for Donald C. Shine, Trustee.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Petition for Adequate Protection and Other Relief filed by Plaintiffs IRWIN LEVIN, ALLAN LEVING and CARROL-KEDZIE CURRENCY EXCHANGE, INC., represented by KROLL & RUBIN, LTD., and upon the Memorandum in Opposition filed thereto by DONALD C. SHINE, Trustee, represented by GARDNER, CARTON and DOUGLAS, and also upon the Complaint For Adequate Protection filed by the above Plaintiffs, and upon the Trustee's Motion to Dismiss such Complaint, and

The Court, having reviewed the record in these cases, and having examined the Memoranda of Law filed by the parties in support of their respective positions and having afforded the parties an opportunity for hearing, and being fully advised in the premises:

The Court Finds:

1. On February 10, 1983, the fifty-seven above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Thereafter, on March 7, 1983, the Office of the United States Trustee filed a notice of its designation of DONALD C. SHINE to serve as Trustee with reference to Debtor, KEDZIE-CARROL CURRENCY EXCHANGE, INC. [Kedzie-Carrol].

2. Plaintiffs filed the above-entitled Complaint for Adequate Protection on March 31, 1983, and the Trustee moved to dismiss this Complaint on May 4, 1983. Plaintiffs filed a Petition For Adequate Protection and Other Relief on October 25, 1983, and the Trustee filed its Memorandum In Opposition to such Petition on November 28, 1983. The subject matter which underlies these pleadings is substantially identical, and it can briefly be described as follows.

3. On December 5, 1980, Plaintiffs entered into an agreement with Debtors' former principal, MICHAEL P. RYAN, to sell the assets and operating license of a currency exchange business named CARROL-KEDZIE CURRENCY EXCHANGE, INC. to MICHAEL P. RYAN or his corporate designee. The total purchase price was $130,000.00 with $5,000.00 to be paid as an earnest money deposit; $32,700.00 to be paid at closing; and $92,300.00 to be paid pursuant to an installment note in thirty-six equal monthly installments commencing the first month after closing, with 15% interest on the unpaid balance.

4. MICHAEL P. RYAN formed Kedzie-Carrol to serve as purchaser under the December 5, 1980, agreement, and MICHAEL P. RYAN, as President of Kedzie-Carrol, executed a $92,300.00 installment note payable to Plaintiffs on June 11, 1981. This installment note was secured by a pledge executed by MICHAEL P. RYAN of all the common stock of Kedzie-Carrol. A certificate with reference to this stock was delivered to Plaintiffs, and Plaintiffs state that their security interest in this stock was duly recorded on June 18, 1981. Copies of the June 11, 1981, note, the stock assignment and certificate, and Plaintiffs' UCC–1 financing statement are appended as exhibits to Plaintiffs' March 31, 1983, complaint.

5. MICHAEL P. RYAN gave his personal guarantee to Kedzie-Carrol's June 11, 1981, note, and a copy of this guarantee is attached as an exhibit to Plaintiff's October 25, 1983, Petition For Adequate Protection. The Court takes judicial notice that MICHAEL P. RYAN is a debtor in procedurally consolidated voluntary and involuntary Chapter 7 cases pending before this Court, captioned *In re Ryan,* 84 B 5455; 84 B 2138. Mr. Ryan currently resides in the federal correctional facility located in Lexington, Kentucky, pursuant to his recent conviction on certain federal criminal charges.

6. Plaintiffs have received no payments on account of Kedzie-Carrol's June 11, 1981, note since January 1, 1983. Plaintiffs state that as of March 29, 1983, $48,-729.79 principal and interest was due upon such note.

7. In their pleadings, Plaintiffs state on information and belief that the business of Kedzie-Carrol is being operated on a regular and profitable basis, and that Kedzie-Carrol is able to pay the installment payments due Plaintiffs under the June 11, 1981, note. Plaintiffs also state, on information and belief, that the assets of Kedzie-Carrol might be sold or leased by the Trustee to third parties in the near future. Plaintiffs request that the Court either (1) order the Trustee to cure the arrearage on the June 11, 1981, note and pay current installments as they come due; (2) enter an order which declares that Kedzie-Carrol is in default under the June 11, 1981, note, and which permits Plaintiffs to take possession of Kedzie-Carrol's property; or (3) provide Plaintiffs with the adequate protection required by section 361 of the Bankruptcy Code. 11 U.S.C. § 361.

8. The Trustee has opposed this relief in his motion to dismiss and his memorandum, stating that Plaintiffs do not have a security interest in any of the assets of Kedzie-Carrol. The Trustee further states, in reliance on *Connell v. Coastal Cable T.V., Inc. (In re Coastal Cable T.V., Inc.),* 24 B.R. 609 (Bankr.App. 1st Cir.1982), *vacated,* 709 F.2d 762 (1st Cir.1983), that Plaintiffs are mere equity security holders of Kedzie-Carrol, and as such, are not entitled to adequate protection of their claims under the Bankruptcy Code.

9. The Court takes judicial notice that on December 2, 1983, the Trustee filed a notice of his intent to sell the assets of Kedzie-Carrol free and clear of liens, with such sale to be conducted on December 20, 1983. This Court entered an Order on December 13, 1983, which authorized the sale of these assets free and clear of liens, with the provision that the Trustee should withhold $60,000.00 of the proceeds of such sale, for possible application to the "alleged security interest" of the Plaintiffs.

Plaintiff IRWIN LEVIN appeared at the December 20, 1983, sale of the assets of

Kedzie-Carrol, where he made a successful $65,000.00 bid for those assets. The Court entered an Order approving the sale of the assets of Kedzie-Carrol to IRWIN LEVIN on December 22, 1983.

The Court Concludes and Further Finds:

■ 1. Before reaching the merits, the Trustee contends that Plaintiffs' request for adequate protection was improperly captioned as an adversary complaint rather than in the form of a motion. The Court concludes that the present subject matter can properly be pleaded either in the form of a motion or as a complaint under Bankruptcy Rule 7001. Plaintiffs have done both.

■ 2. On the merits, the Trustee suggests that Plaintiffs, as equity security holders of Kedzie-Carrol, are not entitled to adequate protection of their claims under the Bankruptcy Code. However, the Court observes that Plaintiffs are *creditors* of Kedzie-Carrol's estate, and that their claims are secured by a pledge of that Debtor's stock.

3. As this matter comes on to be heard upon the Trustee's motion to dismiss Plaintiffs' Complaint for Adequate Protection, the Court assumes that Plaintiffs hold a claim against Kedzie-Carrol which exceeds $48,729.79 in amount, which claim is secured by a pledge of all the outstanding stock of Kedzie-Carrol. Illinois law recognizes the validity of a secured interest collateralized by stock. Ill.Rev.Stat. ch. 26, ¶¶ 9–102(1)(a); 9–105(1)(i); 9–304(1)(4), (5) (1983).

■ 4. The statutory right of adequate protection provided by sections 362, 363 and 364 of the Bankruptcy Code and defined by section 361 of that Code, exists to protect the value of the secured position held by creditors in property of the estate throughout the course of a bankruptcy proceeding. *See generally* 2 L. King, *Collier on Bankruptcy* ¶ 361.01 (15th ed. 1985). This statutory protection extends to each bargained-for property right encompassed within a security agreement held by the creditor. *Crocker National Bank v.*

*American Mariner Industries, Inc. (In re American Mariner Industries, Inc.),* 734 F.2d 426, 435 (9th Cir.1984). The legislative history of section 361 of the Bankruptcy Code provides:

> Secured creditors should not be deprived of the benefit of their bargain. There may be situations in bankruptcy where giving a secured creditor an absolute right to his bargain may be impossible or seriously detrimental to the bankruptcy laws. Thus, [section 361] recognizes the availability of alternate means of protecting a secured creditor's interest. Though the creditor might not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for.

H.R.Rep. No. 595, 95th Cong. 2d Sess. 339, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6295. With respect to the term "value", the Ninth Circuit Court of Appeals, relying in part on Circuit Judge Learned Hand's opinion in *In re Murel Holding Corp.,* 75 F.2d 941 (2d Cir.1935), observed that the language of section 361 is directed toward the protection of the present value of the secured creditor's interest in property of the estate. *Crocker National Bank v. American Mariner Industries (In re American Mariner Industries),* 734 F.2d 426, 432 (9th Cir.1984). The question presented in the *American Mariner* case was whether an undersecured creditor which was stayed by a bankruptcy petition from repossessing its collateral, was entitled to compensation for delay in the enforcement of its rights against its collateral. The ninth circuit observed that a creditor's right to repossess and sell collateral upon a debtor's default, was a specific property interest which the creditor bargained for when it originally loaned money to the debtor. 734 F.2d at 435. The Court further observed that section 362 of the Bankruptcy Code contemplates that a creditor should receive adequate protection respecting each of the specific property rights and interests it possesses in proper-

ty of the estate pursuant to a security agreement. 734 F.2d at 433–35.

5. Plaintiffs, by virtue of their secured position respecting Kedzie-Carrol's June 11, 1981, note, possessed certain bargained-for property interests which included the right under state law to sell Kedzie-Carrol's stock to third parties and apply the proceeds to their claim. *American Security Bank N.A. v. Robson (In re Robson)*, 10 B.R. 362, 365 (Bankr.N.D.Ala.1981). Plaintiffs also possessed the right under state law to utilize their collateral to take control of Kedzie-Carrol's affairs, attempt the termination of its voluntary Chapter 11 case, and take possession of its assets subject to its liabilities. *Farmers And Mechanics National Bank v. Gilece (In re Gilece)*, 7 B.R. 469, 473 (Bankr.E.D.Pa.1980). Questions concerning the present value of the security interest held by Plaintiffs in the stock of Kedzie-Carrol, arising from the December 20, 1983, sale of its assets free and clear of liens to IRWIN LEVIN, do not divest Plaintiffs of the right to submit evidence respecting their entitlement to adequate protection upon their Complaint and their Petition.

6. Plaintiffs do not, however, presently possess a security interest in the tangible or intangible assets of Kedzie-Carrol. It is elementary that a corporation and its stockholders are separate legal entities and that ownership of corporate property vests in the corporation (or here, in the bankruptcy estate), rather than in the equity security holders of the corporate entity. *Moline Properties, Inc. v. Commissioner*, 319 U.S. 436, 439–40, 63 S.Ct. 1132, 1134–35, 87 L.Ed. 1499 (1943); *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 331 (5th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Monterey Life Systems v. United States*, 635 F.2d 821, 825, 225 Ct.Cl. 50 (1980); *Superior Coal Co. v. Department of Finance*, 377 Ill. 282, 289, 36 N.E.2d 354 (1941).

7. Given the present economic and personal circumstances of MICHAEL P. RYAN, it appears that his personal guarantee of the June 11, 1981, note executed by Kedzie-Carrol is of little practical value to Plaintiffs.

8. The Trustee has not proposed to accord any adequate protection to the claims held by Plaintiffs against Kedzie-Carrol.

9. The parties have not formally requested the Court to determine the value of Plaintiffs' secured claim pursuant to Bankruptcy Rule 7001(2) and section 506(a) of the Bankruptcy Code. 11 U.S.C. § 506(a).

10. In matters of this nature, it is the function of the Court to pass upon the adequacy of the protection offered by the Trustee with reference to a secured claim, rather than to formulate and provide adequate protection to a secured party on the Court's initiative. *American Security Bank, N.A. v. Robson (In re Robson)*, 10 B.R. 362, 365 (Bankr.N.D.Ala.1981). *See generally* 2 L. King, *Collier on Bankruptcy* ¶ 361.01[1] (15th ed. 1985). Under the circumstances presented in the record, the Trustee should be given an opportunity to propose a means in which Plaintiffs' secured claim might be adequately protected in these proceedings. Plaintiffs should be provided with an opportunity to meet their statutory obligation to present proof with reference to the Trustee's equity in the assets of Kedzie-Carrol. 11 U.S.C. § 362(g)(1). The automatic stay shall be continued in effect pending the disposition of a full evidentiary hearing with reference to these matters. 11 U.S.C. § 362(e).

11. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion filed by DONALD C. SHINE, TRUSTEE, to Dismiss the Complaint For Adequate Protection filed by IRWIN LEVIN, ALLAN LEVING and CARROL–KEDZIE CURRENCY EXCHANGE, INC. be, and the same is hereby denied; and that the Trustee is directed to answer or otherwise plead to Plaintiffs' Complaint within 30 days following the effective date of this Memorandum Opinion and Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the automatic stay provided by section 362 of the Bankruptcy Code shall remain in effect pending the final disposition of the Complaint and the Petition For Adequate Protection filed by IRWIN LEVIN, ALLAN LEVING and CARROL–KEDZIE CURRENCY EXCHANGE, INC.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a hearing in the above-captioned matters is hereby set for October 22, 1985, at 11:00 a.m. without further notice to the parties.