**In re Leo H. TELLIER, Debtor.**

**Bankruptcy No. 90–12234.**

United States Bankruptcy Court,
D. Rhode Island.

April 5, 1991.

George M. Prescott, Lincoln, R.I., for debtor.

Robert Wieck, MacAdams & Wieck Inc., Providence, R.I., for Fleet Nat. Bank.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on January 15 and January 23, 1991, on Fleet National Bank's (Fleet) Motion for Adequate Protection, the Debtor's objection thereto, and the Debtor's Petition for Instructions.

Tellier is indebted to Fleet on various promissory notes, all secured by mortgages on real estate in Rhode Island and Massachusetts.[1] Fleet has no security interest in any cash collateral or proceeds from the sale or rental of those properties. In its motion for adequate protection, Fleet asks this Court to direct that the proceeds from the sale of the "Cumberland property" (a three building, 30 unit apartment project), be paid to Fleet as "adequate protection" of its interest in the Debtor's remaining properties in which Fleet has security interests. Fleet has not moved for relief from stay, 11 U.S.C. § 362(d); rather, it asserts it is entitled to adequate protection of its interest in the various other properties, based simply on § 361.

Tellier has filed a Petition for Instructions, seeking authority to use the proceeds from the sale of the Cumberland property in the ordinary course of business, claiming that Fleet is not entitled to adequate protection *from that fund.* Notwithstanding that argument, however, Tellier has offered to pay Fleet $25,000 on his Jamestown property, and an additional sum to reduce Fleet's secured debt on his Revere property to $70,000.

The facts are generally not in dispute. The "Cumberland property" was sold by the Debtor in July, 1990 to Joseph and Aurora Almeida, without notice to Fleet, and contrary to the terms of Fleet's mortgage. The Almeidas gave Tellier a promissory note in the amount of $1,200,000, and Tellier continued to make mortgage payments directly to Fleet. As a result of the Almeidas' subsequent refinancing (by Fleet) of their note to Tellier, Fleet was

---

**1.** The security interests are as follows: 1) a mortgage on a ¼ interest timeshare in Jamestown, RI; 2) a mortgage on a condominium unit in Lincoln, RI; 3) a mortgage on a condominium unit in Revere, MA; 4) a mortgage on property in Woonsocket, RI; and, 5) a mortgage on a 30 unit apartment project in Cumberland, RI.

paid in full on its Cumberland note, and there is now approximately a $193,000 surplus in an escrow account, pending disposition of the dispute presently before the Court. Fleet wants the escrow funds be paid directly to it as adequate protection for its remaining secured claims on other property owned by Tellier.

Section 361 provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title ... results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

We have previously recognized that adequate protection, when applicable, is a flexible concept to be tailored to the individual facts and circumstances of each case. *In re Smithfield Estates, Inc.*, 48 B.R. 910, 914 (Bankr.D.R.I.1985). *See also In re Cooper*, 22 B.R. 718 (Bankr.E.D.Pa. 1982); 2 *Collier on Bankruptcy* ¶ 361.01 at 361–15 (15th ed. 1990). The Debtor argues that the proceeds at issue are not reachable as adequate protection for Fleet.

Section 363(e) provides that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court ... shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

The entitlement to adequate protection of "an interest in property" obviously requires that an interest in that property exists in the first place. The Cumberland property was sold in July, 1990, and Fleet was made aware of that transaction long before Tellier's December 14, 1990 Chapter 11 filing.[2] Fleet's security interest in the Cumberland property was extinguished as a result of the refinancing of the Almeida note, and payment to Fleet *in full* on its secured claim against the Cumberland property. There are no proposed sales by the Debtor against which Fleet could assert § 363(e) and the attendant application of adequate protection under § 361. Additionally, Fleet has no security interest in proceeds from the sale of the Cumberland property which would trigger the application of § 552.[3] "As a matter of policy and constitutional law, adequate protection is afforded only to secured claims and unsecured claims are not entitled to such protection." *In re Coastal Cable T.V., Inc.*, 24 B.R. 609, 612 (Bankr. 1st Cir.1982) *vacated on other grounds*, 709 F.2d 762 (1st Cir. 1983).

Fleet does not contend that it has a security interest in the Cumberland property proceeds, nor does Fleet assert that it has

---

**2.** We, of course, are not favorably impressed with Tellier's statement that he transferred the Cumberland property without prior notice to Fleet because "they would have told me not to do it." Nonetheless, Fleet became aware of the transfer before the petition (at least as early as September 25, 1990) and thereafter worked with both parties on financing and settling the amount due under the note.

**3.** Section 552(b) provides:

[I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court ... based on the equities of the case, orders otherwise.

an interest in rent proceeds. Section 363's inclusion of "rents" in the definition of cash collateral only protects such security interests to the extent that they exist under state law by operation of, for example, an "assignment of rents." *See In re Prichard Ave. Plaza Assoc. Ltd. Partnership,* 84 B.R. 289, 293 (Bankr.D.Mass.1988). Rents received from real property pre- or post-petition would be cash collateral to the extent they are subject to a lien. S.Rep. No. 989, 95th Cong., 2d Sess. 55, U.S.Code Cong. & Admin.News 1978, 5787, 5841 (1978). Here, Fleet has no lien. Tellier testified that he is current with all secured creditors, with the exception of Fleet, and that the market values of the properties, except for the Jamestown property, exceed Fleet's secured loans on each. All of the properties, except for Jamestown, are generating income. Fleet has not demonstrated that its interest in its remaining security is declining in value because of the automatic stay, and absent that showing, Fleet is not entitled to adequate protection under § 363(e).

While § 362(d)(1) provides for relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property" of the party moving for such relief, Fleet has not so moved, and we are not inclined, sua sponte, to treat Fleet's § 361 motion as one under § 362(d).

Under § 363, the trustee or debtor-in-possession may use, sell, or lease property of the estate other than cash collateral, if done in the ordinary course of business. *In re Aegean Fare, Inc.,* 33 B.R. 745, 747 (Bankr.D.Mass.1983). Here, having determined that the proceeds of the Cumberland sale are not subject to a security interest by Fleet, we will not at this time condition the use of those proceeds, except as provided below.

Accordingly, Fleet's Motion for Adequate protection is DENIED, and the Debtor's request for permission to use the $193,000 proceeds now in escrow in the ordinary course of business is GRANTED, with the condition that Tellier pay to Fleet: 1) $25,-000 on the Jamestown ¼ time share note; 2) $20,000 on the Revere note; and, 3) all post-petition arrearages, on or before April 30, 1991.

Enter Judgment consistent with this opinion.